## HARRIS *vs*. THE STATE OF GEORGIA.

1. Where the evidence was that blood was traced to defendant's house, and found in a pool covered up in his yard, and the hair of a hog was found in a pot where water was heated apparently, and also on the hearth of defendant's house, covered up in the ashes and partly consumed; and all this was discovered the day following the night in which a stolen hog was missed out of a pen, and no truthful, satisfactory and consistent explanation was made of these circumstances, in the judgment of the jury and of the presiding judge: *Held*, that this court will not control the discretion of the presiding judge in overruling the motion for a new trial, the evidence unexplained being sufficient to convict the defendant.

2. Where the court is requested to give in charge a particular decision of this court, it is not the duty of the judge to read the entire case to the jury; it is enough that the principles of the decision are fully explained to the jury in the general charge, and such parts are read as bear upon the points at issue, the substance of the entire case having been given in the general charge.

Criminal law. Verdict. Charge of Court. Before Judge Johnson. Washington Superior Court. September Term, 1878.

Harris was convicted of hog-stealing. The evidence showed that blood was traced to his house, some of it found in a pool in the yard, which it had been sought to conceal by raking dirt over it; hair was found in a pot on the place, and also on the hearth of his house. His explanations were unsatisfactory, the theory of the defense being that chickens had been killed on the place, and that the hair on the hearth came from the mortar in the chimney, which had been in use for eighteen months.

The defendant moved for a new trial because the verdict was contrary to law and the evidence, and because, when requested by defendant's counsel to charge the decision in the case of *Newman vs. State*, 26 *Ga.*, 633, the court only charged the portion of it most unfavorable to defendant, [The presiding judge certifies that he charged fully the doctrine of reasonable doubt.]

The motion was overruled, and defendant excepted.

JOHN W. ROBISON, for plaintiff in error, cited 18 *Ga.*, 264; 26 *Ib.*, 633; 34 *Ib.*, 342; 38 *Ib.*, 293 : 1 Starkie on Ev., 575; 1 Gr. on Ev., 13 ; 3 *Ib.*, 29.

J. K. HINES, solicitor general, for the state, cited 26 *Ga.*, 633, 637; 56 *Ib.*, 686; 29 *Ib.*, 173; Hopkins' Penal Code, §380.

JACKSON, Justice.

1. We think that the reported facts show the guilt of the defendant by circumstantial evidence. The blood was traced to his house from whence the hog was stolen, and the hair of a hog found there, with efforts apparently to hide it; and the explanations set up were inconsistent with each other, and apparently with the truth. Whether one or two chickens were killed, or by whom killed, their blood would not make the quantity in one place covered up with dirt, and the yard all freshly raked over looked suspicious; and the explanation that the hair came out of the mortar, eighteen months after the chimney was built, and constant daily fires therein, the jury might well discredit. There was no abuse of discretion in overruling the motion that the verdict was without sufficient evidence to support it, and against the law.

2. There appears no material error in the other ground. The judge certifies that he charged the whole law on circumstantial evidence fully to the jury, including the doctrine respecting the rule that circumstantial evidence, to convict, must be inconsistent with any reasonable hypothesis of innocence. It was not his duty to read the entire case of *Newman vs. The State*, 26 *Ga.*, 633, when requested to charge that case. If he gave the law therein decided to the jury fully, he did all that could be asked; and this was done, partly in the general charge and partly by reading from that case.

The case was fully and fairly submitted, and we do not feel called upon by duty to interfere.

Judgment affirmed.