1668.  SIRMANS *v.* THE STATE.

RUSSELL, J.  The bill of exceptions should have been certified by the judge who presided in the trial in the lower court. His successor was without authority to certify the bill of exceptions; and consequently the writ of error must be dismissed. The ruling is controlled by the decision in *Scott* v. *State,* ante, 812 (63 S. E. 936).

*Writ of error dismissed.*

Submitted February 24,—Decided March 16, 1909.

*E. S. Longley,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

---

1629.  RAYFIELD *v.* THE STATE.

RUSSELL, J.  In a case of burglary, where the guilt of the accused depends upon the possession of an article alleged to have been contained in the house burglarized, it is essential that the identity of the article found in his possession with the article which is alleged to have been stolen shall be established beyond a reasonable doubt. The guilt of the defendant in the present instance being dependent upon proof of his unexplained possession of a razor, and the evidence failing to show that at the time of the burglary this razor was in the storehouse alleged to have been burglarized, the conviction of the defendant was unauthorized by the evidence, and a new trial should have been granted.

*Judgment reversed.*

Indictment for burglary, from Bibb superior court—Judge Felton.  December 22, 1909.

Argued February 9,—Decided March 16, 1909.

*Martin & Morcock,* for plaintiff in error.

*Walter J. Grace, solicitor-general,* contra.