Argued February 9,—Decided March 16, 1909.

*Martin & Morcock,* for plaintiff in error.

*Walter J. Grace, solicitor-general,* contra.

---

## 1639.  WARNACK v. THE STATE.

HILL, C. J.  1. When this case was previously before this court it was expressly held that in no view of the evidence or of the statement of the accused was the law of justifiable homicide in cases of mutual combat, as laid down in §73 of the Penal Code, applicable, and that the court erred in giving in charge that section. (3 *Ga. App.* 594, 60 S. E. 288.) Without any substantial change in the evidence or in the statement of the accused, the trial court again gave in charge §73 of the Penal Code, with an immaterial modification. It was error

so to charge. *Holland* v. *State*, 3 *Ga. App.* 465 (60 S. E. 205) ; *Lightsy* v. *State*, 2 *Ga. App.* 442 (58 S. E. 686), and citations from the Supreme Court.

2. The other assignments of error are without merit.

*Judgment reversed.*

Indictment for murder—conviction of involuntary manslaughter in the commission of an unlawful act; from Whitfield superior court—Judge Fite. December 16, 1908.

Argued February 10,—Decided March 16, 1909.

The trial judge, in his charge to the jury, gave the language of the Penal Code, §71, and continued as follows: "It must also appear that the danger was so urgent and pressing at the time of the killing that, in order to save his brother's life, or to prevent a felony from being committed upon him, the killing of the deceased was absolutely necessary." In the motion for a new trial it is alleged that the court erred in so charging; that the language here quoted was not applicable to the case; that it is applicable only to mutual combat, and that there was no evidence authorizing it.

*George G. Glenn, William E. Mann,* for plaintiff in error.
*T. C. Milner, solicitor-general, Sam P. Maddox,* contra.