### 4700. CANNON *v.* THE STATE.

1. To sustain a conviction of crime upon evidence which is wholly circumstantial, the proved facts must be so conclusive and convincing as to exclude every other reasonable supposition than that of the guilt of the accused.

(*a*) A conviction of burglary is not supported by proof that the accused sold a pair of shoes similar to shoes kept in the store alleged to have been burglarized, but which were not identified by any stock-mark or other peculiarity, and were of a kind sold by other dealers in the same vicinity, there being no other evidence tending to connect the accused with the burglary, except the fact that he afterwards left that locality, and at the time of his arrest, two years later, was in the State of Alabama.

2. The verdict finding the defendant guilty of burglary, being without evidence to support it, was contrary to law, and a new trial should have been granted.

Decided April 16, 1913.

Indictment for burglary; from Bartow superior court—Judge Fite. December 16, 1912.

*William T. Townsend,* for plaintiff in error.
*Sam P. Maddox, solicitor-general,* contra.

RUSSELL, J. The plaintiff in error was convicted of burglary, and his motion for a new trial, based upon general grounds, and upon a special ground complaining of the court's refusal to exclude from evidence a pair of "Buzz Saw" shoes, was overruled.

The principle stated in the first headnote is fundamental and controlling; for, as we view the evidence, the circumstances introduced in proof were wholly insufficient to authorize the conviction of the accused of the offense of burglary. To say the least of it, the proof pointed just as strongly to his guilt of the offense of receiving stolen goods; and this would have required an acquittal, since the indictment did not contain a charge of receiving stolen goods. The evidence fails to show in what way the store was broken and entered, the prosecutor testifying merely that his store was broken into about three years before. After the store was broken into, it was discovered that a large number of pairs of shoes were missing. The shoes had been taken out, but the boxes in which they were kept had been left. The prosecutor said that he could not tell when the shoes were taken out of the boxes; they might have been taken out a week or more before the burglary, and he would not have missed them; though he was certain that if they had been removed as much as a month before the burglary he would have discovered the loss. The defendant, according to the testimony of the sheriff, had no certain home. His mother and brother lived about three quarters of a mile from the prosecutor's store, and he "stayed there some and at other places some." The sheriff testified that he made efforts to locate the defendant, but "never found him for about two years," and then found him in Alabama. According to another witness for the State, a few days after the alleged burglary the defendant, who said he was on his way to Kingston, sold a pair of shoes to one Frank Allen for a dollar, fifty cents of which was paid, and the remaining fifty cents was to be paid the next Saturday. The testimony does not show that the defendant had any other shoes than the pair that he sold. These shoes were gotten from Frank Allen by the sheriff, but they had no marks of identification, such as cost or sale marks of any particular dealer, and, according to the testimony, similar "Buzz Saw" shoes were sold by other dealers in the same town, both at wholesale and re-

tail. The prosecutor himself would not swear that the shoes were his, and the sheriff (as three years had elapsed since he received the shoes from Frank Allen, and because the shoes had been left by him for a while in the court-house) could not positively identify them upon cross-examination. But, even granting that the shoes were the identical pair of shoes that Joe Cannon had sold to Frank Allen, there is no evidence whatever to show that Joe Cannon was connected with the factum of the burglary. He was not shown to have been near the scene of the burglary at the time of its commission, nor was he in possession of any other article taken from the store at the time. The recent possession of goods stolen or feloniously taken from a house which has been burglarized, unless such possession be satisfactorily explained, will authorize a conviction for burglary; but, under the well-settled rule in regard to circumstantial evidence, it is absolutely essential that the identity of the stolen articles be indisputably established. In other words, where the question of the defendant's innocence or guilt, as in this case, hangs solely upon the circumstance that he is in possession of some part of the fruits of the burglary, the proof that the article found in his possession was in fact in or stolen from the house which was burglarized must be beyond peradventure. This is not true in the present case, because the prosecutor testified that his marks were upon the boxes and not upon the shoes; he could not identify the pair in question; and, under the testimony, it is just as reasonable to infer that the shoes found in the defendant's possession were obtained elsewhere as that they were taken from the stock of the prosecutor.

In any case wholly dependent upon circumstantial proof, where, from the proved facts, two conclusions can with equal ease be reached,—the one of innocence and the other of guilt,—the law requires the jury to accept and act upon the supposition of innocence, rather than the hypothesis of guilt.

*Judgment reversed.*