## 9479.   SANDLIN v. THE STATE.

The evidence was not sufficient to authorize the verdict of guilty.

DECIDED APRIL 2, 1918.

Indictment for larceny; from Dooly superior court—Judge Crum.   December 22, 1917.

The defendant was indicted for larceny of seed-cotton, alleged to have been stolen from the buggy-house of Haslam, the prosecutor.   The State's evidence showed that the cotton was in sheets in the prosecutor's buggy-house, and above the cotton was a loft on which were some oats, and from which oat chaff had fallen through cracks on the cotton.   The evidence against the defendant was entirely circumstantial.   In his cotton-house, on the morning after the cotton had been stolen, was found a small quantity of cotton similar to the stolen cotton, with some oat chaff in it.   The cotton was said to have been of a kind known as the Wanamaker short-staple cotton.   The defendant showed, however, that some of his tenants delivered him some of this Wanamaker or big-boll cotton, and that he also raised this particular kind of cotton.   The State's evidence showed that tracks went from the buggy-house across the road or street towards the defendant's residence, but, according to the State's testimony, they were not tracks of the defendant.   They were smaller than those made by the defendant.   There was evidence that on the morning after the larceny the defendant was plowing up the field which lay between the road and his cotton-house, and that he sold a bale of cotton on that day.   The evidence further showed that tracks of a wagon led to the country, in the road at the place where the tracks leading from the buggy-house were found.   A witness for the defendant testified that the defendant passed her house early in the night, going to a meeting (which he claimed to have attended that night), and that she heard him return from the meeting later in the night, that a short while after he passed her house a wagon loaded with seed-cotton passed the house driven by a negro and a white man. The defendant denied that he stole the cotton, and offered evidence in explanation of these circumstances against him.   He also offered evidence that on the night of the larceny he was at a meeting some distance from his home.

The court, in charging the jury, treated the case as a felony. The defendant was convicted with a recommendation that he be

punished as for a misdemeanor, and the sentence of the court gave him a misdemeanor punishment. He made a motion for a new trial, which the court overruled, and he excepted.

*Jule Felton,* for plaintiff in error.   *J. B. Wall, solicitor-general, Jesse Grantham, Powell & Lumsden,* contra.

HARWELL, J.   (After stating the foregoing facts.)   The evidence against the defendant was entirely circumstantial. These circumstances while sufficient to cast suspicion upon him did not exclude every other reasonable hypothesis save that of his guilt. We think therefore that the evidence offered by the State was not sufficient to sustain the verdict of guilty, and that the court erred in overruling the motion for a new trial. This question being controlling, other grounds of the motion are not passed on.

*Judgment reversed.   Broyles, P. J., and Bloodworth, J., concur.*