### 9658.   VANCE *v.* THE STATE.

HARWELL, J. "The circumstances relied upon to support the verdict, weighed most strongly against the accused, are not incriminatory in character, and are only sufficient to raise a suspicion of guilt; and suspicion alone, however strong and apparently well founded, has no probative value as evidence, and a verdict thereon, without more, is contrary to law." *Mathis* v. *State,* 10 *Ga. App.* 77 (72 S. E. 526). The defendant was charged with the theft of twenty-five bushels of cottonseed from a certain gin-house. The evidence tending to connect him with the offense was wholly circumstantial, and insufficient to exclude every reasonable hypothesis save that of his guilt. Accordingly the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 7, 1918.

Accusation of larceny from house; from city court of Houston county—Judge Riley. March 18, 1918.

From the evidence it appeared that cottonseed of the kind known as "pull not" seed were stolen from Hodge's gin-house on Wednesday night, February 13, and cottonseed of the same kind were found on the ensuing Friday where the defendant lived, about four and a half miles from Hodge's gin-house. Cottonseed had been missed from the same gin-house about ten days before that time. The total amount stolen was about 35 bushels. Several sacks of cottonseed of the "pull not" variety were found in the defendant's smoke-house, some of the same kind were found in his cotton-house, and some were on the floor of his buggy, on the seat and on the back. When the seed in the buggy were discovered he was asked why they were there, and he replied that he did not know, that some enemy of his had put them there, that his brother was

mad with him and might have put them there to give him trouble; but about two hours later, at the commitment trial, he stated that the waste cottonseed in the buggy were from seed he had fed to his cow; that he had placed in the buggy the bucket containing the seed, to keep the hogs from getting them, and some of them were spilled in the buggy. In his statement at the final trial he said that when asked what the seed were doing in the buggy he did not know what to say, and replied as stated above, but when he had time to think, about two hours later, he remembered and gave the explanation at the commitment trial as stated by the witnesses. The prosecutor testified that he could not say that the seed found at the defendant's place were seed stolen from the gin-house, but they were like those seed; the "pull not" variety had been planted by several farmers in the community. It was testified that the defendant grew "pull not" cotton, that he had "a good big patch, . . seven or eight acres," and that "some time before Christmas" he offered to trade three sacks of "pull not" cottonseed which the witness saw at his gin-house. A witness testified that on the night on which the cottonseed were stolen he saw a mule and buggy driven on the plantation road leading from the main public road towards Hodge's gin-house; it was a dark night and the curtains of the buggy were up, and the witness could not tell who was in the buggy, but the mule looked like the defendant's mule; his only reason for thinking this was the size of the mule. Another witness testified that he lived on the Hodge place, and that within about three weeks prior to February 13 the defendant came to his house on three nights, about eight or nine o'clock; that on the first night the defendant inquired if the witness had syrup to sell, but did not then buy any syrup, that the defendant bought a half-gallon of syrup from him on the next visit, and bought a gallon on the third visit; that on the Saturday preceding the 13th of February he told the defendant not to come to his house at night, that Mr. Hodge had been missing cottonseed, and the defendant's coming to his house at night might get them into trouble; the defendant did not reply to this, but did not again come to the house of the witness.

*C. E. Brunson,* for plaintiff in error.

*R. E. Brown,* solicitor, contra.