## 11669.  DIXON *v.* THE STATE.

1. On account of the state of the record this court cannot say that the judge who presided at the trial of this case was disqualified by reason of his relationship to one of the prosecutors.

2. "Where a judge presiding in the trial of a criminal case is related to the defendant within the fourth degree of consanguinity, and neither the defendant nor his counsel has knowledge of the existence of such relationship until after the trial, the mere fact that such relationship existed will not require the grant of a new trial." *Parker* v. *State,* 146 *Ga.* 131 (90 S. E. 859). This ruling settles the proposition that in this case a new trial should not be granted because of the relationship of the presiding judge to the defendant.

3. The court did not err in refusing to declare a mistrial when one of the attorneys who assisted in prosecution made, in his argument to the jury, the following statement: "Gentlemen of the jury, the crime which defendant has committed is a very aggravated one, and you ought to fix the punishment in this case at such a term of years as will prevent him from ever committting such a crime again. His punishment should not be light."

4. The evidence authorized the verdict.

(*a*) "The unexplained, or the unsatisfactorily explained, possession of stolen goods — the fruits of a recent burglary — raises a presumption of guilt against their possessor. This presumption, however, is one of fact, and not of law."

(*b*) "But under the well-settled rule in regard to circumstantial evidence it is absolutely essential that the identity of the stolen articles be indisputably established."

(*c*) "Whether an explanation which the accused makes of his possession of property recently stolen is consistent with his innocence is exclusively a question of fact for determination by the jury, and this court has no right to interfere with that determination, unless it is wholly un-

supported by the evidence, or by any reasonable theory deducible there-from."

5. The foregoing rulings cover all the issues made in the motion for a new trial.

DECIDED NOVEMBER 11, 1920.

Indictment for burglary; from Wayne superior court — Judge Summerall. May 18, 1920.

*Julian W. Walker, J. H. Thomas, H. L. Williams, Padgett & Watson,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general, Gibbs & Turner, James R. Thomas,* contra.

BLOODWORTH, J. Only the 3d and 4th headnotes need elaboration. The plaintiff in error and others were indicted for burglary. Upon his separate trial he was convicted. His motion for a new trial was overruled, and he excepted.

The 3d headnote deals with the refusal of the judge to declare a mistrial. One of the attorneys assisting the State in prosecuting the case made in his argument to the jury the following remark: " Gentlemen of the jury, the crime which defendant has committed is a very aggravated one, and you ought to fix the punishment in this case at such a term of years as will prevent him from ever committing such a crime again. His punishment should not be light." A mistrial was asked for (1) " because counsel for the State has no right to dictate to the jury the amount of punishment to be fixed by them, the matter of punishment being exclusively for the jury," and (2) " because the argument is highly prejudicial to the rights of the defendant." By the act of the General Assembly approved August 18, 1919 (Ga. L. 1919, p. 387), it is provided " that the jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term which shall be within the minimum and maximum prescribed by law as the punishment for said crime." Under this law we think it perfectly legitimate for counsel in their argument to the jury to discuss what would be a proper minimum and maximum term to be fixed by the verdict. To do this is not to " dictate to the jury the amount of punishment to be fixed by them;" nor, under repeated rulings of our appellate courts, can it be said that for the prosecuting attorney to tell the jury " the crime which defendant has committed is a very aggravated one"

is so "highly prejudicial to the rights of the defendant" as to demand the grant of a new trial. In the opinion in *Floyd* v. *State,* 143 *Ga.* 289 (84 S. E. 972), Presiding Justice Evans said: "In a prosecution for a homicide, a statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt, and his characterization of the crime as being diabolical, should be construed to mean that the testimony led him to this conclusion, and that the jury should reach the same conclusion. In the absence of anything to the contrary, the solicitor's remarks will be regarded as a deduction from the evidence. State *v.* Armstrong, 37 Wash. 51 (79 Pac. 490) ; Thacker *v.* State, 3 Okla. Cr. 485 (106 Pac. 986) ; Valentine *v.* State, 108 Ark. 594 (159 S. W. 26). What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." See also *McLeod* v. *State,* 22 *Ga. App.* 241 (5) (95 S. E. 934), and cases cited.

In the 4th headnote it is stated that "the evidence authorized the verdict." Is this true? It is clearly shown that the storehouse of W. J. O'Quinn & Sons was broken into and certain articles stolen therefrom. It is sought to connect the plaintiff in error with the burglary by showing that soon after it was committed some of the things stolen were found in his possession, to wit, a gun, some automobile tires, and a piece of taffeta. But the evidence fails to identify the tires and taffeta, which the State sought to show were in the possession of the accused, as the identical tires and taffeta which were lost from the store. In *Cannon* v. *State,* 12 *Ga. App.* 637 (1 *a*) (77 S. E. 920), it was held: "A conviction of burglary is not supported by proof that the accused sold a pair of shoes similar to shoes kept in the store alleged to have been burglarized, but which were not identified by any stock mark or other peculiarity, and were of a kind sold by other dealers in the same vicinity, there being no other evidence to connect the accused with the burglary, except the fact that he afterwards left that locality, and at the time of his arrest, two years later, was in the State of Alabama.' In *Rayfield* v. *State,* 5 *Ga. App.* 816 (63 S. E. 920), it was held : "In a case of burglary, where the guilt of the accused depends upon the possession of an article alleged to have been contained in the house burglarized, it is essential that the identity of the article found in his possession with the article which is

alleged to have been stolen shall be established beyond a reasonable doubt. The guilt of the defendant in the present instance being dependent upon proof of his unexplained possession of a razor, and the evidence failing to show that at the time of the burglary this razor was in the storehouse alleged to have been burglarized, the conviction of the defendant was unauthorized by the evidence, and a new trial should have been granted." Under the above rulings a consideration of the tires and taffeta is eliminated from the case, and if the conviction of the defendant is allowed to stand, it must be because of the statement he made to Emory Dixon, and his possession of the gun. There is evidence to authorize the jury to say that this particular gun, a sixteen-gauge Winchester, was taken from the store at the time of one of the burglaries. The evidence also shows the plaintiff in error in possession of this gun.

When all the evidence, including the statement made by plaintiff in error to Emory Dixon, as shown by the evidence of Emory Dixon, is considered, we think it sufficient to identify the plaintiff in error as one of the guilty parties. It is true that he attempted to explain his possession of the gun by saying that he bought it from Marvin Patterson, a joint defendant. This Patterson denied. "Whether an explanation which the accused makes of his possession of property recently stolen is consistent with his innocence is exclusively a question of fact for determination by the jury, and this court has no right to interfere with that determination, unless it is wholly unsupported by the evidence, or by any reasonable theory deducible therefrom." *Jester* v. *State*, 23 *Ga. App.* 132 (1) (97 S. E. 563). The question whether the accused made a reasonable and satisfactory explanation of his possession of the gun having been passed upon by the jury adversely to the defendant, and the trial judge, who had some discretion in granting a new trial on disputed questions of fact, having approved the verdict, this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*