### 13679. TAYLOR *v.* THE STATE.

The evidence was not sufficient to support a conviction of cattle stealing, the only evidence by which it was sought to connect the accused with the crime being the finding of some beef at the place where he lived, and this beef not being identified as a part of the animal alleged to have been stolen.

DECIDED JULY 25, 1922.

Indictment for cattle stealing; from Camden superior court — Judge Highsmith. May 4, 1922.

*Emmett McElreath, S. C. Townsend,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general, Cowart & Vocelle,* contra.

BLOODWORTH, J. Plaintiff in error was convicted of simple larceny, cattle stealing. Granting that the evidence shows that "one red animal of the cattle species, of the property of Thomas E. Casey," was stolen as alleged in the indictment, the evidence relied on to connect the defendant with the crime is entirely circumstantial, consisting of the fact that some beef was found in a box at the place where the accused lived. This beef was not identified as a part of the animal alleged to have been stolen. In *Cannon* v. *State,* 12 *Ga. App.* 637 (1) (77 S. E. 920), this court held: "To sustain a conviction of crime upon evidence which is wholly circumstantial, the proved facts must be so conclusive and convincing as to exclude every other reasonable supposition than that of the guilt of the accused." The case just referred to was a prosecution for burglary, and in discussing the evidence the court said: "The recent possession of goods stolen or feloniously taken from a house which has been burglarized, unless such possession be satisfactorily explained, will authorize a conviction for burglary; but, under the well settled rule in regard to circumstantial evidence, it is absolutely essential that the identity of the stolen articles be indisputably established. In other words,

where the question of the defendant's innocence or guilt, as in this case, hangs solely upon the circumstance that he is in possession of some part of the fruits of the burglary, the proof that the article found in his possession was in fact in or stolen from the house which was burglarized must be beyond peradventure. This is not true in the present case, because the prosecutor testified that his marks were upon the boxes and not upon the shoes; he could not identify the pair in question; and, under the testimony, it is just as reasonable to infer that the shoes found in the defendant's possession were obtained elsewhere as 'that they were taken from the stock of the prosecutor. In any case wholly dependent upon circumstantial proof, where, from the proved facts, two conclusions can with equal ease be reached,— the one of innocence and the other of guilt,— the law requires the jury to accept and act upon the supposition of innocence, rather than the hypothesis of guilt."

The evidence in this case failing to exclude every reasonable hypothesis except that of the guilt of the accused, and failing to establish indisputably that the beef found was a part of the stolen animal, the trial judge erred in overruling the motion for a new trial. In this connection see *Sandlin* v. *State,* 22 *Ga. App.* 115 (95 S. E. 477); *Reynolds* v. *State,* 22 *Ga. App.* 552 (96 S. E. 499); *Vance* v. *State,* 22 *Ga. App.* 800 (97 S. E. 275).

2. It is unnecessary to discuss the special grounds of the motion for a new trial, as the errors complained of are not likely to occur when the case is tried again.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*