## 14683. IRVIN *v.* THE STATE.

Questions as to the sufficiency of the approval of grounds of an amendment to a motion for a new trial must be first raised before the trial judge.

The evidence relied on to connect the accused with the alleged larceny is wholly circumstantial and is not sufficient to exclude every reasonable hypothesis but that of his guilt.

      DECIDED JULY 25, 1923.

Conviction of larceny from house; from Haralson superior court — Judge Irwin. April 21, 1923.

*Claude V. Driver, M. E. Watson,* for plaintiff in error.

*E. S. Griffith, solicitor-general,* contra.

BLOODWORTH, J. 1. "This court is without authority to entertain an objection to the sufficiency of the approval of the grounds of the amendment to the motion for a new trial, when it does not appear that such objection was raised and insisted upon before the trial judge at the time the motion was entertained by him." *Johnson v. Redwine,* 21 *Ga. App.* 811 (95 S. E. 315); Ga. L. 1911, p. 150, sec. 3; Park's Code, § 6090 (a). See also *Citizens Bank v. Todd,* 151 *Ga.* 478 (107 S. E. 486); *Marietta Fertilizer Co. v. Gary,* 22 *Ga. App.* 604 (2) (96 S. E. 711).

2. The evidence to connect the accused with the commission of the crime is entirely circumstantial, and is not sufficient to ex-

clude every reasonable hypothesis except that of the guilt of the accused. Others had the same access to the room from which the money was stolen as he did, and some of these left the community just after the crime is alleged to have been committed, and were seen in possession of the kind of money which was stolen. Another went to Athens and spent a month there at her own expense. The fact that the defendant gave his sister $4 in silver, not described or identified as a part of the stolen money, is not sufficient to authorize his conviction. In *Rayfield* v. *State, 5 Ga. App.* 816 (63 S. E. 920), this court held: "In a case of burglary, where the guilt of the accused depends upon the possession of an article alleged to have been contained in the house burglarized, it is essential that the identity of the article found in his possession with the article which is alleged to have been stolen shall be established beyond a reasonable doubt."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*