### 16025.   WILLIAMS *v.* THE STATE.

BLOODWORTH, J.   1.   Granting, but not holding, that it was error to refuse to rule out the evidence of Jeff Shed as complained of in the motion for a new trial, this evidence was of such a nature that, had it been ruled out, it would not have affected the verdict.   *Adams* v. *State,* 27 *Ga. App.* 48 (2) (107 S. E. 388).   Moreover, "Where evidence is offered en bloc, some of which is not open to the objections made to it, the admission of such evidence is not ground for a new trial."   *McGuire* v. *State,* 29 *Ga. App.* 192 (114 S. E. 719); *Edenfield* v. *Brinson,* 149 *Ga.* 378 (5) (100 S. E. 373).

2.   While it is true that "in a case of burglary, where the guilt of the accused depends upon the possession of an article alleged to have been contained in the house burglarized, it is essential that the identity of the article found in his possession with the article which is alleged to have been stolen shall be established beyond a reasonable doubt," the same strictness of identification is not required where an accomplice in a burglary case swears positively to the fact of the burglary and this is shown also by other evidence, and where the accomplice swears that certain articles of like description to those found later in the possession of the accused were taken from the building burglarized.   In such a case as this the identity of the articles alleged to have been stolen is a question for the jury.   *Watts* v. *State,* 8 *Ga. App.* 205 (3) (68 S. E. 863).   The court did not err in admitting in evidence the knives referred to in the motion for a new trial.

3. In view of the charge given, it is not cause for a new trial that the court refused to charge in the language of the request set out in the motion for a new trial.

4. There is some evidence to corroborate the positive evidence of the accomplice in reference to the guilt of the accused. The jury having said by their verdict that this corroboration was sufficient to authorize a conviction, and their finding having been approved by the trial judge, this court can not as a matter of law hold that the verdict is contrary to the evidence.        *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JANUARY 13, 1925.

Indictment for burglary; from Habersham superior court—Judge J. B. Jones.        September 13, 1924.

*J. A. Henderson, J. C. & H. E. Edwards,* for plaintiff in error.
*Robert McMillan, solicitor-general, Pearce R. Matthews,* contra.