26623. CARTER *v.* THE STATE.

DECIDED JANUARY 6, 1938.

*J. B. Edwards, H. H. Merry,* for plaintiff in error.
*George R. Lilly, solicitor-general, E. J. Clower,* contra.

GUERRY, J. In every criminal case the burden rests upon the State to prove the defendant's guilt beyond a reasonable doubt. Code, § 38-110. In carrying this burden, if the case for the State rests entirely upon circumstantial evidence, those circumstances should not only be consistent with the hypothesis of guilt, but should exclude every reasonable hypothesis save that of the guilt of the accused. Code, § 38-109. A bare suspicion of the defendant's guilt is not sufficient. In a prosecution for larceny, the recent unexplained possession by the defendant of the property alleged to have been stolen is considered sufficient proof, if the jury sees fit to so accept it, to satisfy the requirements of the Code. However, if the evidence of the defendant's possession of the stolen property be itself circumstantial, it must be sufficient to show, to the exclusion of every other reasonable hypothesis, that the property found in the possession of the defendant was that property *alleged in the indictment to have been stolen.* In *Cannon* v. *State,* 12 *Ga. App.* 637 (77 S. E. 920), it was said: "The recent possession of goods stolen or feloniously taken from a house which has been burglarized, unless such possession be satisfactorily explained, will authorize a conviction for burglary; but, under the well-settled rule in regard to circumstantial evidence, it is absolutely essential that the identity of the stolen articles be indisputably established."

See also *Stewart* v. *State,* 9 *Ga. App.* 501 (71 S. E. 755) ; *Davis* v. *State,* 17 *Ga. App.* 820 (88 S. E. 706) ; *Rayfield* v. *State,* 5 *Ga. App.* 816 (63 S. E. 935). It has been said to be a rule of circumstantial proof that the facts from which the main fact is to be inferred must be proved by direct evidence. "An inference resting only upon an inference is not permissible." *Ga. Ry. & El. Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076). However, it has been said that this rule is one of doubtful soundness (*Lee* v. *State,* 8 *Ga. App.* 413, 69 S. E. 310) ; and conceding it to be so, yet it is nevertheless true that where, in a criminal case, a certain fact, such as the recent possession of stolen goods in a prosecution for larceny, is relied on, and is not directly proved, but is to be inferred from circumstances, those circumstances should be such as to exclude every reasonable inference except that the defendant was actually in the possession of the *goods alleged in the indictment to have been stolen.*

The facts of the present case are substantially as follows: Joe Graves, the prosecutor, testified that on November 3, he missed a hog of the kind and character described in the indictment, to wit, "one certain black and white spotted gilt hog being marked with a crop in the right ear and a split in the left ear." On November 4, the defendant carried a hog, slaughtered and dressed, with the head cut off, to Thomasville, Georgia, and sold the hog to Gordon Davis, the sheriff. On that date the prosecutor had issued a search warrant against the defendant. Upon the search made in pursuance of the warrant, the officer found a hog in the smokehouse of the defendant that had recently been killed, but it was not the hog alleged to have been stolen. In the ice-box in the defendant's house the officer found "a hog's head that had been cooked, and both ears were cut off down short." The defendant made contradictory statements as to where he acquired this hog head. This head, however, was not identified as that of the hog alleged to have been stolen from the prosecutor, except that the hair thereon was black and white spotted. The searching officer found fresh hair of a hog around the defendant's house, which was black and white, "the same description that the white and black spotted gilt hog showed." The prosecutor testified, with reference to the meat that the defendant delivered to the sheriff, as follows: "I saw the meat, some at Gordon Davis's house and some at the jail. I identified

it by the black and white spots on it, the black and white hair. It had been dressed. . . The head was off. *I identified it by nothing but just the color of the meat.* The shoulders and sides were there at the jail. . . I could not positively swear that that was my meat, but I missed my hog, and, according to all the statements they made and the color of the hair like it was, I know this was my meat from my hog. No, I could not swear positively that it was my meat." This court is of the opinion that this evidence is not sufficient to show that the hog which the defendant delivered to Gordon Davis, and which he had in his possession, was the hog described in the indictment as having been stolen from the prosecutor. The indictment described the hog as being black and white spotted "with a crop in the right ear and a split in the left ear." It is evident that the prosecutor attempted to identify the hog purely for the reason that it was black and white spotted; and this court will certainly judicially recognize that there are many black and white spotted hogs. The prosecutor does not attempt to testify that aside from the mere similarity in color he knew this to be his hog, but his identification appears more of a presupposed idea of the guilt of the defendant, and a deduction from this fact that the hog the defendant delivered to Davis must have been his hog because it was black and white spotted. This was not sufficient. The fact that the defendant was found in the possession of a hog head, recently killed, with the ears cut short, and about which he made contradictory statements, does not identify this head as that of the hog alleged to have been stolen, although it may be a suspicious circumstance. The evidence clearly disclosed that the defendant owned many hogs, and that he slaughtered, dressed, and sold them at various times, and that it was nothing unusual for the head to be cut off when sold. The verdict was not supported by the evidence, and the trial judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*