31123. DUPREE *v.* THE STATE.

BROYLES, C. J. The defendant was convicted of simple larceny (hog stealing). The evidence tending to connect him with that offense was wholly circumstantial, and was insufficient to exclude every reasonable hypothesis except that of his guilt. His conviction, therefore, was contrary to law and the evidence, and the denial of a new trial was error. The facts in this case are not as strong in favor of the State as those in *Carter* v. *State*, 57 *Ga. App.* 180 (194 S. E. 842), where this court held that "the evidence was insufficient to show that the property [a hog] which the defendant had in his possession was the property described in the indictment as having been stolen; and there being no other sufficient proof of the defendant's guilt, the verdict was not supported by the evidence." The case cited in the dissenting opinion is differentiated by its particular facts from this case.

*Judgment reversed. Sutton, P. J., MacIntyre, Felton and Parker, JJ., concur.*

GARDNER, J. dissenting. I have studied the evidence in the instant case very carefully from every angle. Also, I have compared the evidence in this case with the evidence set out in *Carter* v. *State*, 57 *Ga. App.* 180 (supra), and in many other decisions of this court and the Supreme Court. The evidence in the *Carter* case, supra, it is true, is similar in a few isolated instances to the facts in the instant case, but there is little similarity as to the salient facts. In my opinion, the facts in *Harris* v. *State*, 62 *Ga.* 337, are more similar to those in the instant case.

Since the facts in the present case are not detailed in the majority opinion, I do not think that it would serve any good purpose to relate them in this dissenting opinion and make the comparisons above intimated.

It is my opinion that the evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused, and the court did not err in overruling the motion for a new trial for any of the reasons assigned.

DECIDED FEBRUARY 28, 1946.

*W. A. Dampier,* for plaintiff in error.
*W. W. Larsen, solicitor-general,* contra.