### 31540. GOBER v. STATE.

TOWNSEND, J. While it is the rule of this State that when the guilt of the accused depends upon the possession of an article, alleged to have been contained in the house burglarized, it is essential that the identity of the articles found in his possession with the articles which are alleged to have been stolen shall be established beyond a reasonable doubt *(Evans v. State,* 60 *Ga. App.* 26, 2 S. E. 2d, 745; *Stewart v. State,* 9 *Ga. App.* 501, 71 S. E. 755; *Rayfield v. State,* 5 *Ga. App.* 816, 63 S. E. 920; *Williams v. State,* 33 *Ga. App.* 347 (2), 126 S. E. 267; *Carter v. State,* 57 *Ga. App.* 180, 194 S. E. 842; *Blocker v. State,* 57 *Ga. App.* 182, 194 S. E. 910)—the conviction in the instant case is not solely dependent upon such identity. There are other facts and circumstances pointing to the defendant's guilt. On the same night, a store in the same town and across the road from this store was burglarized. The marks on the two doors appear to have been made by the same instrument used in breaking them open. There are three stores in the town, one belongs to the uncle of the defendant, and it was the only store not burglarized that night. The defendant, at 8 or 8:30 on the morning following these burglaries, was seen with certain goods, in some sacks, in an automobile, which he was driving in the vicinity of Ben Hill, in Fulton County. These sacks were found to contain certain articles, positively identified by cost marks entered thereon, as coming from the Stevens' store. In the same sacks were found goods, corresponding in quantity, variety, and brand, with those missed from the Carroll store. *Jordan v. State,* 119 *Ga.* 443 (2) (46 S. E. 679). Immediately after these burglaries the defendant left the State and was found in South Carolina and returned to this State to answer these charges. In our opinion the evidence authorized the verdict. The special assignments contained in the amended motion for a new trial are without merit. *Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED MAY 6, 1947.

154

*Claude V. Driver,* for plaintiff in error.
*Hal C. Hutchens, Solicitor-General, W. A. Foster Jr.,* contra.