## 39660. JONES v. THE STATE.

JORDAN, Judge. C. J. Jones was tried and convicted in the Superior Court of Decatur County under an indictment in two counts charging him with the offense of burglary. His amended motion for new trial was denied and he excepted to that judgment. *Held:*

1. It was alleged in count 1 of the indictment that the defendant burglarized the place of business of T. L. Smith on April 30, 1961, and stole $13 and one portable transistor radio belonging to Mr. Smith. Upon the trial of the case a portable transistor radio found in the possession of the defendant was exhibited to Mr. Smith, a witness for the State, and he testified that the radio stolen from him was like the one being exhibited to him but that he did not have a record of any serial numbers or any marks of identification and could not swear that the radio exhibited to him was the one stolen. There was no other evidence adduced as to the identity of said radio nor was there any other evidence connecting the defendant with the alleged crime other than the fact that said radio was found in his possession. Under these circumstances it was error as contended in special ground 12 for the trial court to admit said radio in evidence over the objection that it had not been identified as the stolen article. It is well settled that in a prosecution for the offense of burglary where the State relies upon the defendant's recent possession of goods allegedly stolen or feloniously taken for conviction it is absolutely essential that the identity of the stolen articles be indisputably established. *Cannon v. State,* 12 Ga. App. 637, 639 (77 SE 920); *Rayfield v. State,* 5 Ga. App. 816 (63 SE 920). There being insufficient evidence to identify said radio as having been among the stolen articles, the admission of the same in evidence over the defendant's objection requires the grant of a new trial.

2. Special ground 13 which contends that the trial court erred in admitting into evidence one "Zippo" cigarette lighter inscribed with the name "Harry Legette," which is alleged in count 2 of the indictment to have been stolen by the defendant, over the objection that there was no evidence that "there is no other cigarette lighter like it" is without merit. The burden was upon the State to identify positively the

particular article introduced into evidence as being the one stolen as alleged in the indictment, and not to negate the existence of similar lighters.

3. Since this case is to be tried again, the general grounds and special grounds 1-10 inclusive which merely elaborate upon the general grounds will not be ruled upon; nor will the remaining special ground be considered, as the error complained of therein will not likely recur upon the subsequent trial of this case.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 24, 1962.

*J. C. Hale, J. M. Pace, Jr.,* for plaintiff in error.
*Maston O'Neal, Solicitor General,* contra.

