### 54991. CHESTER v. THE STATE.

BANKE, Judge.

The defendant was indicted and convicted for two burglaries, one involving a church and the other involving a mobile home. He appeals the denial of his motion for new trial, contending that the evidence was insufficient to support the verdicts.

The state based its case solely on evidence that the defendant was in recent possession of certain items stolen in the burglaries. "It is well settled that in a prosecution for the offense of burglary where the State relies upon the defendant's recent possession of goods allegedly stolen or feloniously taken for conviction it is absolutely essential that the identity of the stolen articles be indisputably established. *Cannon v. State,* 12 Ga. App. 637, 639 (77 SE 920); *Rayfield v. State,* 5 Ga. App. 816 (63 SE 920)." *Jones v. State,* 106 Ga. App. 614 (1) (127 SE2d 855) (1962).

The only evidence directly identifying the property found in the defendant's possession as stolen came from the deputy sheriff who recovered it. Although he stated that this property was taken during the burglaries and that it was all returned to its rightful owners, he offered no basis for his identification of the property.

The pastor of the church testified that all of the

property which was taken during the church burglary was returned by the sheriff's department. From this additional evidence, the jury would have been authorized to infer that the property identified by the deputy as having been stolen from the church was in fact taken from the church. Accordingly, the evidence was sufficient to support the defendant's conviction on this indictment.

No comparable testimony, however, was elicited from the owner of the mobile home. Thus, the only evidence to indicate that the defendant was in possession of property stolen in that burglary was the deputy's statement to that effect, a statement for which no basis was established whatsoever. In the absence of any probative evidence connecting any of the property found in the defendant's possession with the burglary of the mobile home, his conviction on this count must be reversed.

*Judgment of conviction on indictment No. 29409 affirmed; judgment of conviction on indictment No. 39410 reversed. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 3, 1978 — DECIDED FEBRUARY 7, 1978.

*James M. Watts, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.