## 59581. DAVIS v. THE STATE.

Smith, Judge.

Appellant was convicted on five counts of burglary. Although appellant has filed several enumerations of error, his primary contention on appeal is that his conviction was based on the uncorroborated testimony of alleged an co-conspirator. See Code § 38-121. We affirm as to Count 1 of the indictment and reverse as to the remainder of the counts.

On February 4, 1979, the apartment of Mary Willis was burglarized. The perpetrator was spotted by two witnesses. However, no positive identification was made. The perpetrator escaped in an automobile owned and driven by appellant's alleged co-conspirator. One of the witnesses to the burglary wrote down the license number of the automobile and reported the incident to the police.

On February 8, the home of Katie Mae Bolton was burglarized. Although no one saw the burglary take place, a neighbor observed appellant "scouting out" the premises. As the neighbor testified: "[H]e walked up on the porch, and he walked down — he looked on the side of the house, then he walked down to the corner. He came back and he went between Mrs. Bolton's house, and I seen him when he went through the back yard."

On February 9, the police spotted an automobile fitting the description provided by the witnesses of the February 4 burglary. The police stopped the automobile. Appellant, who was riding in the passenger seat, fled on foot. A television set, which, according to police, belonged to Mr. Sylvester Germany was on the back seat of the auto. Mr. Germany's home had been burglarized earlier that day.

Appellant's alleged co-conspirator permitted the police to search his apartment. The police found a television that had recently been stolen from the residence of Mr. James Glover, Jr. and a television and stereo that had recently been stolen from the residence of Willie H. Lee. The alleged co-conspirator testified that appellant

lived with him. Appellant testified that he lived elsewhere and that he and his girl friend spent only one night at the apartment.

Appellant's alleged co-conspirator testified as to appellant's participation in the Willis and Glover burglaries.

1. "[T]he testimony of a single witness is generally sufficient to establish a fact, except that to convict in any case of felony where the only witness is an accomplice, corroborating circumstances are required." *Birt v. State,* 236 Ga. 815, 824 (225 SE2d 248) (1976). "The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. *Chapman v. State,* 109 Ga. [157,] 165." *Hargrove v. State,* 125 Ga. 270, 275 (54 SE 164) (1906). *Birt v. State,* supra, at 826. Although "[s]light evidence of corroboration connecting the defendant with the crime is sufficient" (*Pitts v. State,* 128 Ga. App. 434, 436 (197 SE2d 495) (1973)), where the defendant is charged with the commission of several offenses, there must be corroborating evidence for each offense charged. See *Miller v. State,* 238 Ga. 560 (233 SE2d 793) (1977). In our view, the state has failed to carry its burden with respect to Counts 2 — 5 of the indictment.

2. Appellant's alleged co-conspirator's testimony relating to appellant's participation in the Willis burglary is sufficiently corroborated to uphold the conviction under Count 1 of the indictment. Several days after the burglary, the getaway car was stopped by police. Appellant, who was inside the car, fled on foot. Under *Fulford v. State,* 221 Ga. 257, 258 (144 SE2d 370) (1965), which we are bound to follow, the jury was authorized to find that appellant's flight resulted from his awareness of guilt in the Willis burglary. Thus, "[c]ontrary to appellant's contention, his accomplice's testimony was corroborated by appellant's own testimony and by that of a witness to appellant's rapid flight" (*Oliver v. State,* 146 Ga. App. 551, 552 (246 SE2d 734) (1978)) from the automobile used in the commission of the Willis burglary.

3. Appellant's conviction under Count 2 of the indictment must be reversed. Although appellant was seen "scouting out" the Bolton home and although it was stipulated by counsel that the Bolton home was burglarized, there is no evidence that appellant made an unauthorized entry. Appellant's alleged co-conspirator provided no testimony as to appellant's participation in the Bolton burglary. Nor was evidence introduced which could establish appellant's recent unexplained possession of property unlawfully removed from the Bolton home. See *Wells v. State,* 151 Ga. App. 416, 417 (260 SE2d

374) (1979).

4. Appellant's alleged co-conspirator testified as to appellant's participation in the Glover burglary. A television which had been taken from the Glover home was found in the alleged co-conspirator's apartment. Although the co-conspirator testified that appellant lived with him, appellant testified that he lived elsewhere and spent only one night at the co-conspirator's apartment. There was no other evidence that appellant lived in the apartment. Nor was there any evidence apart from that of the co-conspirator that the television stolen from the Glover home was in the apartment when appellant was there. We must conclude that the evidence was insufficient to establish that appellant was in recent possession of the stolen television. See *Wells v. State,* 151 Ga. App. 416, supra. Without proof of recent possession, the alleged co-conspirator's testimony as to appellant's participation in the Glover burglary is wholly uncorroborated. Thus, the conviction under Count 3 of the indictment cannot stand. *Pitts v. State,* 128 Ga. App. 434, supra.

5. Appellant's alleged co-conspirator provided no testimony as to appellant's participation in the Lee burglary. Although a television and stereo which, according to police, belonged to Mr. Lee were found in the co-conspirator's apartment, the evidence was insufficient to establish that appellant was in recent possession of these items. (see Division 4 of this opinion). Without evidence of recent possession, appellant's conviction under Count 4 of the indictment cannot stand.

6. Appellant's alleged co-conspirator did not testify as to appellant's participation in the Germany burglary. The state's case under Count 5 of the indictment was therefore dependent upon evidence that appellant was in recent possession of the television allegedly stolen from Mr. Germany's residence.

"It is well settled that in a prosecution for the offense of burglary where the State relies upon the defendant's recent possession of goods allegedly stolen or feloniously taken for conviction it is absolutely essential that the identity of the stolen articles be indisputably established. *Cannon v. State,* 12 Ga. App. 637, 639 (77 SE 920); *Rayfield v. State,* 5 Ga. App. 816 (63 SE 920)." *Jones v. State,* 106 Ga. App. 614 (1) (127 SE2d 855) (1962).

Although a police officer testified that the television was returned to its rightful owner, the officer "offered no basis for his identification of the property." *Chester v. State,* 144 Ga. App. 717 (242 SE2d 356) (1978). Moreover, there is no evidence to establish that the stolen property was within Mr. Germany's residence at the time of the burglary. See *Wells v. State,* 151 Ga. App. 416, supra. Accordingly, appellant's conviction under Count 5 of the indictment must be reversed.

7. The state concedes "that the trial court . . . considered itself without authority to suspend or probate the sentence . . . " The case must therefore be remanded under *Knight v. State,* 243 Ga. 770, 775 (257 SE2d 182) (1979), which provides: "[W]e hold that [Code] § 27-2511 does not compel a maximum sentence in *confinement* for second offenders but that the trial judge has discretion to probate or suspend this maximum sentence pursuant to § 27-2502. Therefore, the case must be remanded to the trial court for a new sentencing hearing in which the trial judge may exercise discretion as to how appellant's twenty year sentence may be served."

8. Appellant's remaining enumeration of error is without merit.

*Judgment affirmed as to Count 1; reversed as to Counts 2 — 5; case remanded for resentencing. McMurray, P. J., and Banke, J., concur.*

ARGUED MARCH 11, 1980 — DECIDED MAY 12, 1980 — REHEARING DENIED JUNE 10, 1980 —

*James G. Blanchard, Jr.,* for appellant.

*Richard E. Allen, Disrict Attorney, G. Larry Bonner, Assistant District Attorney,* for appellee.