68852. BETHEA v. THE STATE.
(324 SE2d 202)

BENHAM, Judge.

Appellant was convicted of the burglary of a Lowndes County store. In his sole enumerated error, appellant takes issue with the admission into evidence of a document which revealed that appellant was on parole at the time of the burglary. He contends that the State, through the document, impermissibly placed his character in issue.

Appellant was arrested outside the burglarized store while a co-indictee was arrested within the store. The co-indictee led police officers to two bicycles parked approximately two blocks from the burglarized store, which bicycles were the method of transportation used by the burglars. Each bicycle was equipped with a satchel, which police searched. The document bearing appellant's name was found in the satchel of the bicycle the co-indictee identified as belonging to appellant. The document was a necessary link between appellant and the means of transportation he was said to have used to arrive at the burglarized store. "Material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. [Cit.]" *Dampier v. State*, 245 Ga. 427 (10) (265 SE2d 565) (1980). See also *Moses v. State*, 245 Ga. 180 (4) (263 SE2d 916) (1980); *Bowles v. State*, 155 Ga. App. 753 (272 SE2d 595) (1980).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 15, 1984.

James F. Council, Jr., for appellant.

H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney, for appellee.