## 77762. DAVIS v. THE STATE.
(376 SE2d 421)

DEEN, Presiding Judge.

Appellant Davis was tried by the court sitting without a jury, found guilty of armed robbery of an elderly patron of a local cocktail lounge, and sentenced to fifteen years' imprisonment. The robbery was effected by holding two screwdrivers in a menancing manner as the patron was using the men's room, and forcing the patron to turn over his watch, wedding ring, car keys, currency, and other items. The two had just left the rest room and were en route to the parking lot, appellant holding the two screwdrivers against the victim's chest, when they encountered an employee of the lounge. The victim asked her to call the police, and as she ran towards the telephone, appellant dropped the screwdrivers and ran into the hotel adjacent to the lounge. Davis was subsequently discovered in a storage room and, after being identified by management personnel of the hotel (where he was a former employee), he was taken into custody. In his possession were, *inter alia*, a gasoline cash receipt bearing the victim's name and "wadded up" currency. Police subsequently found in the men's room of the lounge a briefcase containing a belt buckle inscribed with appellant's name, as well as certain papers belonging to appellant, among which were documents pertaining to his parole from incarceration for a prior offense.

Before trial, appellant's appointed counsel offered a motion *in limine* to exclude the parole papers because they would allegedly

place the defendant's character in issue. The court denied the motion on the basis that the briefcase and its contents were being proffered to prove identity, an essential element of the State's case. The court apparently disbelieved Davis' contention that he was merely attempting to defend himself against a homosexual attack by the patron and found him guilty. After denial of Davis' motion for new trial, he appeals to this court, enumerating as error the general grounds and the introduction of evidence which allegedly placed his character in issue. *Held*:

1. Scrutiny of the record, including the trial transcript, indicates that there was sufficient competent evidence to authorize a rational trier of fact to find appellant guilty as charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Moreover, our examination of the record reveals no error of law in the proceedings below. This enumeration is without merit.

2. Appellant alleges that the parole papers contained in the briefcase were cumulative of other evidence of identity and that, since their probative value was therefore outweighed by their prejudicial effect, the trial court committed reversible error in admitting them. In *Lamons v. State*, 176 Ga. App. 290 (335 SE2d 652) (1985), a witness made an unsolicited remark suggesting drug use by defendant, and the trial court sustained counsel's objection and gave curative instructions. This court, relying on *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976), and *Chester v. State*, 144 Ga. App. 717 (242 SE2d 356) (1978), held that, in view of the other sufficient and competent evidence proffered, the error was harmless. Id. at 291. In *Bethea v. State*, 172 Ga. App. 598 (324 SE2d 202) (1984), we held, in a fact situation similar to that in the case at bar, that " '[m]aterial evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue.' " See also *Lumpkin v. State*, 182 Ga. App. 505 (356 SE2d 238) (1987). Moreover, it is well settled that in a bench trial the court has broader discretion in admitting evidence than in cases where a jury is involved. *Milner v. State*, 163 Ga. App. 827 (296 SE2d 360) (1982). In the instant case the trial judge expressly stated for the record, "The court has removed from its mind any slight comment that may have suggested that [defendant's] character had been placed into evidence. And I will not and do not consider such [evidence]."

In light of the fact that there was so much unassailable evidence establishing the appellant's commission of the crime with which he was charged, and particularly in view of the court's statement, supra, we find it highly probable that the challenged papers did not contribute to the conviction. *Johnson v. State*, supra. This enumeration, too, is without merit.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs spe-*

*cially.*

CARLEY, Judge, concurring specially.

I concur in Division 1 of the majority opinion. With regard to Division 2, there was no error because the parole papers were clearly admissible. *Lumpkin v. State*, 182 Ga. App. 505, 506 (3) (356 SE2d 238) (1987).

DECIDED NOVEMBER 29, 1988.

*Rise H. Weathersby*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet*, *Henry Newkirk, R. Andrew Weathers*, Assistant District Attorneys, for appellee.