## S06A1557. LEE v. THE STATE.
### (640 SE2d 287)

MELTON, Justice.

Following a bench trial, Chuck Lee was convicted of malice murder, felony murder, and aggravated assault with a deadly weapon relating to the shooting death of Henrico Morant. Lee was also convicted of three counts of aggravated assault for ramming his car into a car occupied by Anthony Wynn, and one count of simple battery for beating up Wynn.[1] Lee contends on appeal that the evidence was

---

[1] On September 19, 2003, Lee was indicted for malice murder, two counts of felony murder, two counts of possession of a firearm by a convicted felon, aggravated assault with a deadly weapon, three counts of aggravated assault with an object (his car), and simple battery. Lee was

insufficient to support the verdict and that the trial court erred in refusing to suppress his statement to police. We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that Lee attended a party on January 27, 2001. At around 3:00 a.m., Lee fired his .40 caliber semiautomatic weapon into the air three times and announced that the party was over. Lee asked Morant for a ride home, entered Morant's car, and drove away with him. The next day, Morant's car was found parked in the woods. Morant was found dead in the passenger seat with .40 caliber gunshot wounds to the head and abdomen, and a .40 caliber shell casing was recovered from the rear of the vehicle. Lee's girlfriend stated to police that Lee had admitted to her that he shot Morant, and that she had wiped blood off of Lee's coat on the night of the shooting. She also stated that Lee had brought Morant's car keys back to her apartment on the night of the shooting. Following the murder, Lee warned several people to refrain from implicating him in Morant's death, threatening them that they could end up dead as well. When Lee suspected that Wynn had stated to others that Lee killed Morant, Lee started a fist fight with him. Wynn fled the fight in a car with his mother and his brother, but Lee followed them in his own car and rammed their vehicle several times, injuring Wynn's mother. Lee was later apprehended in Chicago, where he admitted to police that he had rammed the car in which Wynn was seated.

The evidence was sufficient to enable a rational trier of fact to find Lee guilty of all the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also OCGA § 24-4-6 (conviction based on circumstantial evidence authorized where the evidence "exclude[s] every other reasonable hypothesis save that of the guilt of the accused").

2. Lee contends that the trial court erred in refusing to suppress the statements he made to Chicago police after he was apprehended, arguing that because he had one hand handcuffed to a wall at the time he gave his statement, his statement was involuntary and should have been suppressed. This argument has been waived on appeal, however, because Lee failed to assert it below. See *Nixon v. State*, 255 Ga. 656, 658 (2) (a) (340 SE2d 7) (1986) (defendant waived argument

---

found guilty on November 3, 2003 of malice murder, one count of felony murder, all counts of aggravated assault, and simple battery. On November 12, 2003, Lee was sentenced to life for the malice murder plus twenty years consecutive for each aggravated assault with his car, and twelve months for simple battery. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the trial court merged the aggravated assault with a deadly weapon count into the malice murder count for purposes of sentencing. Lee filed a motion for new trial on December 9, 2003, and an amended motion on March 23, 2005. On September 27, 2005, the motion was denied. Lee's timely appeal was docketed in this Court on May 19, 2006, and submitted for decision on the briefs.

on appeal challenging admission of statement made to police when such argument had not been raised at trial). Furthermore, Lee conceded to the trial court that there was no issue as to the "voluntariness [of his statement] and [the] knowing waiver [of his rights]." Moreover, ample evidence supported the trial court's conclusion that Lee's statement to police was voluntary, and was not obtained through threats or coercion. Specifically, testimony from an investigating officer revealed that Lee was "more than willing" to provide a statement in order to "clear things up" when he was taken into custody; and that Lee read aloud, understood, and initialed a waiver of rights form prior to giving his statement. The trial court did not err in admitting Lee's statement. *Lee v. State*, 270 Ga. 798, 800 (2) (514 SE2d 1) (1999); *Parker v. State*, 226 Ga. App. 462, 463 (3) (486 SE2d 687) (1997) (evidence supported trial court's conclusion that defendant's statement was voluntary despite defendant being handcuffed when statement was given).

Lee also contends that his statement should have been suppressed because, in addition to the crime against Wynn, he discussed the fact that he had previously served jail time for weapons possession and that he used to be in a gang. However, the trial judge made clear that he would not consider any portions of Lee's statement dealing with his character or prior criminal history, emphasizing that the State would need to present independent evidence to prove that Lee was guilty of the crimes for which he was charged. We find no error in the trial court's admission of Lee's statement. See *Davis v. State*, 189 Ga. App. 412, 413 (2) (376 SE2d 421) (1988).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2007.

*Patrick G. Longhi*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.