## 34245. SPROUSE v. THE STATE.

JORDAN, Justice.

Jerry Sprouse was convicted of murder and kidnapping with bodily injury and two counts of aggravated assault. He was sentenced to death for murder and kidnapping with bodily injury and ten years each for the aggravated assaults. His case is here on direct appeal of the convictions and mandatory review of the death sentences imposed.

A co-indictee, Johnny L. Johnson, was convicted of the same murder and was sentenced to death in addition to a life sentence for rape, a twenty-year sentence for kidnapping and a ten-year sentence for aggravated assault. These convictions and the death sentence of Johnson were affirmed in *Johnson v. State,* 242 Ga. 649 (1978).

The evidence in Sprouse's trial was essentially the same as that in Johnson's trial. Briefly stated, the evidence shows that two young girls were kidnapped, lined up while bound and nude, and shot in the head at point blank range by Sprouse and Johnson. One of the girls had been raped and an attempted rape made on the other. One of the girls survived the gunshot wounds and testified at the trial. For additional facts see *Johnson v. State,* supra.

1. On December 2, 1978, pending this appeal, Sprouse escaped from the Chatham County Jail and has not been recaptured. Based on the escape the state has made a motion to dismiss Sprouse's appeal, citing *Griffin v. State,* 239 Ga. 795 (239 SE2d 16) (1977) and relying on *Mosley v. State,* 189 Ga. 71 (5 SE2d 47) (1939), the latter case decided under the prior death penalty statute.

The present death penalty statute provides that when the "death penalty is imposed, and upon the judgment becoming final in the trial court, the sentence shall be reviewed on the record by the Supreme Court of Georgia." Code Ann. § 27-2537 (a) (Ga. L. 1973, p. 159). The statute further provides that "the sentence review shall be in addition to direct appeal, if taken, and the review and appeal *shall* be consolidated for consideration. The Court *shall* render its decision on *legal errors enumerated, the factual substantiation of the verdict, and the va-*

*lidity of the sentence."* Code Ann. § 27-2537 (i). (Emphasis supplied.)

This statutory language mandates a review in death penalty cases of enumerations of error dealing with the conviction of the appellant as well as a review of the sentence imposed. The motion to dismiss is denied. See *Dean v. State,* 242 Ga. 808 (1979).

2. In his second enumeration, the appellant alleges: "The trial court erred in denying Plaintiff's Motion for Mistrial upon the introduction of the testimony of a witness relating to conversation of a co-defendant out of the presence of this defendant. Said testimony by a witness, James Gregory Yawn, related to a conversation of the co-defendant with an unnamed girl, approximately a month prior to the alleged murder under the guise that the defendant and the co-defendant entered into a conspiracy to commit the crimes for which the defendant was tried. Said testimony was highly inflammatory, prejudicial and constituted error."

Two weeks prior to the crime, the witness Yawn heard Johnson and the appellant talking about "strong-arming" and raping girls. Johnson was doing the talking and the appellant was agreeing with him.

Yawn also started to testify concerning the statements Johnson made on one occasion when a magazine sales girl came to the house that were along the same line. We are not called upon to rule on the admissibility of these statements inasmuch as the trial court instructed the jury to disregard any statement made by Johnson when appellant was not present.

The other conversations reported by Yawn where the appellant was present and agreed with Johnson establish a conspiracy to commit rape and having been made during the pendency of the conspiracy were admissible against the appellant. Code Ann. § 38-306; *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Reaves v. State,* 242 Ga. 542 (3) (1978); *Orkin v. State,* 236 Ga. 176 (233 SE2d 61) (1976). The trial court restricted the admissibility of Yawn's testimony to those times when the appellant was present and did not err in refusing to grant a mistrial inasmuch as any harmful testimony was corrected by proper instructions to the jury. *Woods v. State,* 233 Ga. 495, 498

(212 SE2d 322) (1975). This enumeration is without merit.

3. Appellant's fifth enumeration of error alleges "The court erred in allowing the surviving victim to testify as to the extent of her disability over the objection of defendant's attorney. Said testimony was inflammatory, prejudicial and constituted error."

The appellant was charged with aggravated assault with a deadly weapon of Mary Lynn Harrod. Code Ann. § 26-1302 provides: "A person commits aggravated assault when he assaults (a) with intent to murder, to rape, or to rob, or (b) with a deadly weapon." The indictment charged that the indictees "did unlawfully assault Mary Lynn Harrod by shooting the said Mary Lynn Harrod with a deadly weapon, to wit: a pistol."

We note the appellant's objections were directed only to prejudice and not admissibility, and therefore the issue is one of relevancy. The injuries sustained in an aggravated assault are relevant to that assault and therefore admissible. Code Ann. § 38-201. "The Georgia courts have said many times that relevant evidence is not subject to an objection that it might inflame the minds of the jury or prejudice the jury and this is true even where the offered evidence is only cumulative . . . The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value." Agnor's Georgia Evidence, § 10-2, p. 165. *Avery v. State,* 209 Ga. 116 (70 SE2d 716) (1952); *Toler v. State,* 213 Ga. 12 (96 SE2d 593) (1957); *Blount v. State,* 214 Ga. 433 (105 SE2d 304) (1958).

The trial court restricted the testimony to present condition resulting from the assault and limited speculation as to future progression. We find no abuse of the trial court's discretion in the admission of this testimony.

4. Our disposition of the death sentences in this case make it unnecessary to address the other enumerations of error relating to the convictions.

5. Appellant alleges error "in that the jury had failed to designate in writing . . . an aggravating circumstance upon which the jury based the death penalties" as specifically required by statute. We agree that this is a fatal flaw in the verdict.

The trial court did not hold a pre-sentence hearing at which both sides are permitted to present evidence in aggravation, extenuation and mitigation as provided in Code Ann. § 27-2503. Neither the defense nor the prosecution waived these procedures. Failure to follow the mandate of § 27-2503 is neither harmless nor waived by failure to object to procedure. *Bailey v. State,* 138 Ga. App. 807 (227 SE2d 516) (1976).

Under these circumstances, the pre-sentence proceedings were invalid and the case must be returned to the trial court for a new trial on the question of sentence under appropriate pre-sentence proceedings and proper instructions to the jury. *Miller v. State,* 237 Ga. 557, 559 (229 SE2d 376) (1976).

The judgment of convictions and sentences is affirmed except the two death sentences imposed. The case is remanded to the trial court for a new trial on the sentences to be imposed for murder and kidnapping with bodily injury.

*Judgment affirmed in part, reversed in part, and remanded. All the Justices concur.*

ARGUED NOVEMBER 20, 1978 — DECIDED JANUARY 5, 1979.

*Reginald C. Haupt, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.