## 36001. BARNES v. THE STATE.

Marshall, Justice.

The defendant appeals from his conviction of murder, for which he received a life sentence.

1. The first three enumerated errors raise the issue of the sufficiency of the evidence to support the verdict.

There was evidence adduced from which the jury was authorized to find the following. At approximately 8:45 a.m. on February 11, 1978, 11-year-old Beverly Brown was shot and killed in her home near Sparta, Georgia, by a .22 caliber bullet, which was fired from woods behind the house and which passed through the back door of the house. The .22 caliber Savage Springfield rifle identified as the murder weapon was found hidden in a barn one-fourth of a mile from the victim's house the day after the shooting. Fourteen witnesses, including the appellant, gave testimony that placed the appellant in the general area of the crime at approximately the time of its occurrence. Additionally, four witnesses gave testimony which more directly connected the appellant to the murder weapon. Marie Brown testified that she had seen the appellant on the morning of the murder, walking in the field carrying a rifle. Brenda Sanford testified that she had seen the appellant with the murder weapon some three days prior to the murder. Rosa Johnson testified that the appellant had easy access to the trailer where the murder weapon had been kept. Finally, Walter Monroe testified that he saw the appellant with the murder weapon a mere 10 minutes before the shooting occurred.

There was sufficient evidence from which the jury could have found malice. The appellant's wife, the sister-in-law of one of the victim's brothers, had moved out of town and was living with the victim's brother and his wife. In the weeks prior to the shooting, the appellant had tried unsuccessfully to obtain the victim's brother's telephone number from his mother-in-law and from the victim's sister and her other brother. The sister testified that the appellant had told her that his mother-in-law had lied about it, that he had killed once, and that he didn't mind killing again. Approximately three days prior to the victim's murder, a .22 caliber bullet was fired into the

jamb of the same door through which the fatal bullet was to pass, approximately five-and-a-half feet above the ground. On both occasions, the appellant was seen with the murder weapon.

In conclusion, we find that the evidence presented was sufficient to convince a rational trier of fact of the guilt of the appellant beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The testimony of the appellant's statement approximately six weeks prior to this homicide — to the effect that his mother-in-law had lied about the phone number of the place where his wife was living, that he had killed once, and that he didn't mind killing again — was admissible, as relevant on the issues of motive, plan, intent, scheme, bent of mind and course of conduct, although it incidentally put the appellant's character in issue. *Hudson v. State*, 237 Ga. 443, 444 (228 SE2d 834) (1976); *Spencer v. State*, 236 Ga. 697 (4b) (224 SE2d 910) (1976); *Goldsmith v. State*, 148 Ga. App. 786 (4) (252 SE2d 657) (1979). Enumerated error 4 is without merit.

3. State's witness Walter Monroe's identification of the appellant at trial was not "highly suggestive," nor did it deny the appellant the guarantees of due process, as contended in enumerated error 5. At the time of trial, the witness was 15 years old. He testified that he had known the appellant for approximately seven years. During his lengthy testimony on direct and cross-examination, Monroe referred to the appellant by name numerous times, even calling him by his nickname. He identified the appellant from his own personal knowledge, and had not participated in a previous lineup. Defense counsel did not cross-examine the witness extensively on the appellant's identity, nor object to the many references to the appellant by name.

4. "It is only when the evidence demands a verdict of not guilty that it is error for the trial court to refuse a motion for a directed verdict of acquittal." *Rolland v. State*, 235 Ga. 808, 812 (221 SE2d 582) (1976). Enumerated error 6 is without merit.

5. Enumerated error 7 complains of the trial judge's giving of the "Allen" or "dynamite" charge when the jury

indicated after "a number of hours" (what number does not appear in the record) that it was deadlocked. Although the appellant has technically waived this enumeration of error by failing to argue it or cite authority therefor, a review of the instructions given reveals that they were not prematurely given, coercive, did not urge the expense of a mistrial as a reason for arriving at a verdict, nor were otherwise improper under our case law. See *Harris v. Collins,* 149 Ga. App. 638 (2) (255 SE2d 107) (1979); *Crane v. Doolittle,* 116 Ga. App. 572 (3) (158 SE2d 426) (1967) and cits.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 29, 1980 — DECIDED APRIL 9, 1980.

*Roosevelt Warren,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Staff Assistant Attorney General,* for appellee.