## 36254. ROBINSON v. THE STATE.

PER CURIAM.

Margaret Alice Robinson was convicted of the murder of her husband. She was sentenced to life imprisonment and appeals.

1. The cause of death was some 35 stab wounds to his body. The appellant admits stabbing the deceased during an argument but contends she did so in self-defense. While the general grounds are not enumerated as error, the evidence amply authorized a rational trier of fact to find her guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. The appellant contends that the trial court erred in denying her motion for mistrial based on the introduction of testimony by the state concerning a prior criminal act of the appellant and subsequently denying her motion to strike this testimony.

The state was permitted over objection to allow a witness for the state to testify as follows: "Q. And she said, Margaret [the appellant] said, she said, 'The next time I cut that son-of-a-bitch, I'll make sure I kill him.' Q. Did you or anybody else make any reply to that when Margaret made that statement? A. Yes, sir, I did. Q. What did you say? A. I told Margaret, I said, 'You don't mean that.' Q. Did she make any reply back to you? A. She said, 'Yes, I do.' Q. And did you say anything to her then? A. I said 'You know you'll serve time for it or go to jail' and Margaret said, she said 'I'll serve no time, the last time I killed that woman, I didn't serve much time.' "

The district attorney stated that this testimony was offered for the sole purpose of showing motive, intent, and bent of mind of the appellant a short time before the homicide. The trial judge instructed the jury that it would be admitted and considered for this purpose only.

Appellant's counsel concedes that the first portions of the testimony are admissible as bearing on the appellant's intent and bent of mind a short time prior to the homicide but contends that the last question and answer clearly refer to a prior criminal act of the

appellant some 8 years previously which was not relevant to any issue on trial and was highly prejudicial.

It has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1973); *Cawthon v. State,* 119 Ga. 395 (46 SE 897) (1903). Evidence of an independent crime can be admissible if it "tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged." *Bacon v. State,* 209 Ga. 261, 263 (71 SE2d 615) (1952).

We conclude that under the facts of this case the question and answer went to establish the motive and intent of the appellant in killing her husband. This testimony was particularly relevant because it tended to establish that appellant believed she could commit *this* crime without serving time because she had committed a similar crime without "[serving] much time."

In a recent decision, we held: "The testimony of the appellant's statement approximately six weeks prior to this homicide — to the effect that his mother-in-law had lied about the phone number of the place where his wife was living, *that he had killed once, and that he didn't mind killing again* — was admissible, as relevant on the issues of motive, plan, intent, scheme, bent of mind and course of conduct, although it incidentally put the appellant's character in issue. [Cits.]" *Barnes v. State,* 245 Ga. 609, 610 (266 SE2d 212) (1980). (Emphasis supplied.) The trial court did not err in admitting this testimony.

3. A witness for the appellant (her son) testified concerning assaults made upon the appellant by the deceased during their marriage. Upon cross-examination the witness was asked if he ever lived with the appellant and James Marchant, a former husband. Upon objection by defense counsel as to relevancy, the district attorney stated that "we intend to show the same course of conduct when she was married previously." Whereupon defense counsel made a motion for mistrial on the ground that the district attorney's statement placed the appellant's character in evidence. The motion was denied and no further questions were asked of the witness. We find no error. As to the admissibility of evidence concerning prior difficulties between the defendant and the deceased, see *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980). Admissibility of evidence of prior acts between the defendant and a former spouse would be guided by the principles stated in Division 2 of this opinion, i.e., whether or not it would be relevant to the issues on trial.

4. The trial court did not err in charging that "the acts of a person of a sound mind and discretion are presumed to be the

products of a person's will. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his act; but these presumptions may be rebutted." And, that "It [intent] may be inferred from the proven circumstances, or by acts and conduct, or it may be presumed when it is the natural and necessary consequences of the act."

Taking the charge as a whole it was not impermissibly burden shifting. *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979); *Moses v. State,* 245 Ga. 180 (263 SE2d 916) (1980); and *Blair v. State,* 245 Ga. 611, 616 (266 SE2d 214) (1980).

*Judgment affirmed. All the Justices concur, except Jordan, P.J., and Hill, J., who dissent to Division 2 and to the judgment.*

SUBMITTED MAY 16, 1980 — DECIDED SEPTEMBER 16, 1980 — REHEARING DENIED OCTOBER 3, 1980.

*Ernest J. Yates, M. Stan Ballew,* for appellant.

*Thomas H. Pittman, District Attorney, Curtis M. French, Assistant District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.

JORDAN, Presiding Justice, dissenting.

I dissent to Division 2 of the majority opinion.

Evidence that the accused has committed another wholly independent crime is irrelevant and inadmissible unless there is shown some logical connection between the two from which it can be said that proof of the one tends to establish the other. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). I see no relevancy whatsoever in the bare fact that the appellant might have killed another person, in this case, some eight years before, especially absent a showing of some similarity in the scheme or modus operandi. This is true even though the prior act was of "the same sort" as the one for which the defendant was on trial. *Bacon v. State,* supra. Proof of the prior criminal act in this case simply does not meet the "logical connection" test. See *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976).

There can be no doubt that evidence of a prior, independent and distinct crime with no logical connection or relevance to the issues at trial was harmful and prejudicial to the appellant in this case, such prejudice being, in my opinion, insurmountable.

Because I would reverse appellant's conviction and remand for a retrial, I respectfully dissent.

I am authorized to state that Justice Hill joins in this dissent.