## 62505. WADDELL v. THE STATE.

CARLEY, Judge.
Appellant was indicted for theft by retaining stolen property (Count 1), giving a false name (Count 2), D. U. I. (Count 3), financial transaction card fraud (Count 4), and financial transaction card theft (Count 5). A directed verdict of acquittal was granted as to Count 5 and the jury returned a verdict of guilty on the other four counts. Following the denial of his motion for new trial, appellant appeals to this court.

1. Error is enumerated upon the trial court's denial of appellant's plea in bar to Counts 2 and 3 of the indictment predicated upon a claim of double jeopardy under Code Ann. § 26-507 (a). Apparently, appellant was first taken before a Magistrate's Court wherein there was an indication by the Magistrate that a plea of nolo contendere for the misdemeanor offenses of D. U. I. and giving a false name would be accepted and that appellant would be sentenced to thirty days for said offenses. There is no official record or transcript of the proceedings before the Magistrate Court. However, there was ample testimony and documentary evidence introduced at the hearing on appellant's plea in bar to support the trial court's finding that the nolo contendere plea was not signed by appellant or his attorney or the magistrate, and that no valid plea had been accepted and entered in the Magistrate's Court. Accordingly, appellant's trial

in the superior court as to these charges was not barred by Code Ann. § 26-507. *Turner v. State,* 152 Ga. App. 354 (1) (262 SE2d 618) (1979). This enumeration is without merit.

2. Appellant next enumerates as error the admission into evidence, over objection, of an investigating officer's testimony concerning statements made by appellant during two in-custody interrogations. Appellant claims that the statements were elicited in violation of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) as interpreted in Edwards v. Arizona, —— U. S. —— (101 SC 1880, 68 LE2d 378) (1981).

Prior to the admission of the statements in question the trial court conducted a full scale Jackson v. Denno hearing in which the interrogating officers and appellant testified. The transcript of that hearing shows that appellant appeared before the Magistrate on the morning of July 28, 1980 in connection with the D. U. I. charge. At that time, the magistrate told appellant that a Legal Aid attorney would be appointed to represent him. On the afternoon of July 28, 1980, appellant was interrogated and made an oral statement. The interrogating officer testified that before commencement of the questioning appellant was advised of his Miranda rights and that appellant did not request the presence of counsel. On July 29, 1980 appellant was again interrogated by use of a written questionnaire consisting of thirty-three questions. After being advised of his Miranda rights, which were waived, appellant proceeded to give written responses to the questionnaire. After answering questions 1-25 appellant stopped and requested the presence of counsel. The interrogating officer testified that at this point all questioning ceased. Following the hearing, the trial court concluded that the state had carried the burden of proving that the statements attributed to appellant were freely and voluntarily made and that the interrogating officers had properly complied with the requirements set forth in Miranda, supra.

Citing Edwards v. Arizona, supra, appellant urges that the in-custody interrogation on July 28 and 29, 1980, violated his rights under the Fourth and Fourteenth Amendments to have counsel present and that the trial court did not properly focus its inquiry on whether appellant "knowingly and intelligently relinquished his right to counsel." In Edwards, the United States Supreme Court was concerned with the situation where the investigating officers conducted further custodial interrogation of an accused after he had clearly asserted his right to have counsel present during questioning. In finding that the Arizona Supreme Court applied an erroneous standard for determining waiver when the accused has specifically invoked his right to counsel, the Court stated: "[A]lthough we have

held that after initially being advised of his Miranda rights, the accused may himself validly waive his rights and respond to interrogation, [cit.], the Court has strongly indicated that additional safeguards are necessary when the accused asks for counsel; and we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. [The trial court must also focus on whether the accused knowingly and intelligently relinquished his right to counsel.] We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police." Edwards v. Arizona, supra at 68 LE2d 386 (4).

The facts in the instant case are clearly distinguishable from those in Edwards. Here, appellant was questioned on July 28, 1980 after first being advised of his Miranda rights. Appellant did not request the presence of counsel. On July 29, 1980 appellant was interrogated again by way of a questionnaire after being advised of his Miranda rights. During the course of this second interrogation appellant requested the presence of counsel. At this point, all questioning ceased and was not continued with or without presence of counsel. Whereas the police in Edwards, interrogated the defendant after he had invoked his right to counsel, the police in the instant case did not.

Moreover, the case at bar is not brought within the holding of Edwards because of the fact that the Magistrate Court appointed counsel to represent appellant. First, we note that the appellate courts of this state have steadfastly adhered to the proposition that a statement from a defendant is not per se inadmissable because it was obtained in the absence of appointed or retained counsel. *Emmett v. State,* 243 Ga. 550, 556 (8) (255 SE2d 23) (1979); *Felker v. State,* 144 Ga. App. 458, 459 (3) (241 SE2d 576) (1978). Secondly, as we interpret Edwards, the accused must actively invoke his right to have counsel present during custodial interrogation before the procedural safeguards set forth therein come into play. There is a distinction between having counsel appointed or retaining counsel and a defendant specifically asserting his right to have counsel present during interrogation.

For the foregoing reasons, we find Edwards, supra to be inapposite and appellant's reliance thereon to be misplaced. The question of voluntariness in the instant case was properly

entertained in the Jackson v. Denno hearing and after considering the totality of the circumstances, the trial court concluded that the statements were made freely and voluntarily even though made in the absence of appointed counsel. Under the facts and circumstances of this case, we do not find that determination to be clearly erroneous. *Tucker v. State,* 245 Ga. 68 (3) (263 SE2d 109) (1980). Accordingly this enumeration is without merit.

3. Appellant also enumerates as error the denial of his motion for mistrial premised on the basis that inadmissible evidence was illegally placed before the jury. On direct examination, a police officer testified that appellant claimed ownership of the car he was driving on the night of his arrest. Previously, this statement had been ruled inadmissible by the trial court because it was made at a time when appellant was intoxicated. Also, this statement contradicted appellant's sworn testimony at trial that the car had been loaned to him by a friend.

First, we note that the challenged statement does not appear to be responsive to the question posed by the state nor does it appear that there was a direct attempt by the state to elicit the inadmissible evidence. Compare *Brown v. State,* 118 Ga. App. 617 (165 SE2d 185) (1968). Also, the trial judge admonished the witness in the presence of the jury and went to great lengths in instructing the jury to disregard the statement. Moreover, the trial court questioned the jurors on their ability to disabuse their minds of the statement. The unanimous response of the jurors was in the affirmative.

"Where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. [Cits.] *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121) (1976). In view of the prompt and thorough corrective action taken by the trial court and in the absence of a remark so flagrantly prejudicial as to violate appellant's right to a fair trial, we find no abuse of discretion and, therefore, no error in the refusal to grant a mistrial.

4. A review of the evidence in the light most favorable to the verdict rendered convinces us that any rational trior of fact would have been authorized to find appellant guilty of all counts beyond a reasonable doubt. *Mathis v. State,* 155 Ga. App. 655, 657 (3) (272 SE2d 520) (1980); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981 —

REHEARING DENIED
DECEMBER 17, 1981.

*C. P. Brackett, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.