## 64710. HOWELL v. THE STATE.

DEEN, Presiding Judge.

Della Howell and John Powers were jointly indicted on five counts of burglary. A mistrial was granted as to Powers and denied as to Howell, who appeals this ruling following her conviction on all counts.

1. Powers testified that he came to Georgia to find employment and be with his wife (the appellant here). On cross-examination the district attorney questioned: "What's the other reason you are down here in Georgia . . . you are not a fugitive from Michigan?" The court properly ruled that Powers' character had been illegally injected into the case, and granted his motion for mistrial. This did not, however, require that the appellant co-defendant's motion also be granted. "There is no rule of law in Georgia that prejudice requiring reversal accrues to one defendant by virtue of being tried with a repeat offender who has prior convictions alleged against him in the indictment, and we decline to create such a rule." *Davis v. State,* 129 Ga. App. 796, 802 (2) (201 SE2d 345) (1973). Even if prior convictions had been proved against the defendant Powers, whether or not he would be entitled to a mistrial on that account would not affect the status of a co-defendant.

2. After taking the motions for mistrial under advisement, and having granted that of Powers, the judge stated that unless the district attorney wanted to try them both together the following week he would let the trial proceed against the appellant. To this counsel

for the state replied that he was not asking for a mistrial for the appellant. We find no error. The court has a broad discretion in passing on motions for mistrial, which will not be controlled except for manifest abuse. *Domingo v. State,* 213 Ga. 24, 27 (2) (96 SE2d 896) (1957). Assuming without deciding that a delegation of the decision to grant or deny so important a motion would in fact be an abuse of discretion, we observe that that is not what happened in this case. The court announced in effect that unless the state's attorney opted for a joint trial he would grant one motion and refuse the other, and this he did. Again, no prejudice to the appellant appears.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 18, 1982 —

REHEARING DENIED NOVEMBER 8, 1982 —

*Marshall L. Helms, Jr.,* for appellant.

*William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.