## 64716. WILKERSON v. THE STATE.

POPE, Judge.

Appellant Wilkerson was convicted of unlawfully entering an automobile and theft by taking. The trial took place on January 12, 1982. However, a snow storm forced the trial court to end the jury's deliberations on that date. The jury was subsequently reconvened on January 15, 1982, at which time the jury requested portions of the tapes of the testimony of two state's witnesses be replayed. The trial judge questioned the jury several times as to whether the request included cross-examination of these witnesses. On each occasion, the jury replied in the negative. Deliberations continued on Friday, January 15, and on the following Monday when a verdict of guilty was returned.

Appellant's sole enumeration on appeal assigns error to the replay of the tapes. He contends that he was prejudiced by the replay based upon the time lag between the trial and the deliberations and that those portions replayed for the jury were summaries of the state's case and not indicative of the contradictory nature of the cumulative evidence.

"[T]he jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice." *Byrd v. State,* 237 Ga. 781, 783 (229 SE2d 631) (1976). Therefore, the appellant must show such special circumstances in order to obtain a reversal based upon this point. We do not find these present in this case. The jury was afforded ample opportunity to rehear the testimony elicited on cross-examination of

the two witnesses at issue; they declined. Further, contrary to appellant's assertions, a review of their testimony on cross-examination, along with the entire transcript, fails to reveal contradictions and confusion in the evidence sufficient to warrant reversal. Nor do we find that the time lapse between the close of the evidence and the jury's deliberations provided or contributed to special circumstances in this case as urged by appellant. The trial court did not err in allowing the jury to hear a playback of the requested portions of testimony. See *Byrd v. State,* supra; *Epps v. State,* 134 Ga. App. 429 (9) (214 SE2d 703) (1975).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983.

*James C. Wyatt,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, William Boling, Jr., Assistant District Attorneys,* for appellee.