## 67865. SALEEM et al. v. THE STATE.

BANKE, Judge.

The appellants, Mustaf Nasir Saleem and Najee Diaab, were jointly tried and convicted of two counts of kidnapping with bodily injury, two counts of armed robbery, two counts of aggravated assault, and one count of theft by taking. On appeal, they contend that the trial court erred in overruling their objections to evidence tending to show their involvement in a separate offense for which they were not on trial. Appellant Diaab further contends that the trial court erred in denying his motion for severance.

Two highway travelers were beaten, robbed at gunpoint, bound in handcuffs, and gagged with adhesive tape early on the morning of December 27, 1982, as they entered the men's room at a rest area located on I-75 in Dooly County, Georgia. The assailants were described as three black males dressed in green army fatigues, at least one of whom was wearing surgical gloves. A $100 bill, a $2 bill, and a set of keys were taken from the first victim, and the assailants left the scene driving his truck. The other victim lost a watch and $400 in $20 bills.

Within minutes, law enforcement authorities were notified of the robbery, and a radio lookout was broadcast for the truck. Shortly thereafter, a Unadilla police officer spotted the truck traveling northbound on I-75 and began following it at a distance. The truck soon pulled over onto the shoulder; and its three occupants, one of whom was carrying a pistol, were observed fleeing into the countryside on foot.

A search of the truck resulted in the discovery of a surgical glove, a loaded shotgun, and assorted rounds of ammunition. The shotgun was shown to have been purchased by appellant Diaab on December

10, 1982, 17 days prior to the robbery. The victims identified it at trial as being similar in appearance to a shotgun used in the robbery.

Later that day, appellant Diaab and a suspect named Philipe Rogers were separately apprehended by a search party in a nearby wooded area. Both were wearing army fatigues; and a $100 bill, a $2 bill, seventeen $20 bills, and a handcuff key were recovered from Rogers' person. The handcuff key fit the handcuffs which had been used to bind the two victims at the rest area. Rogers subsequently escaped from custody and was still at large at the time of the trial.

Appellant Saleem was apprehended in nearby Unadilla that same morning, shortly after he had attempted to purchase a bus ticket to Atlanta with an American Express card. He, too, was wearing army fatigues; and he was in possession of the American Express card and a Crown Petroleum credit card issued in the name of Argene Jones. Saleem explained to police that he had found these credit cards outside a nightclub in Atlanta.

On the day following these events, it was discovered that Argene Jones' car had been abandoned at the rest area where the crimes had occurred. Mr. Jones was a salesman for a company which sold hospital supplies such as surgical gloves and adhesive tape; and his car contained adhesive tape similar to that which had been used to gag the victims. Mr. Jones' wife testified that her husband had left their home in Atlanta on the morning of December 26, 1982, shortly before the family was to embark on a trip, and had not been heard from since. Contending that this evidence tended to implicate them in an offense for which they were not on trial and thus to impugn their character, the appellants filed a motion in limine seeking to exclude all evidence regarding Mr. Jones' disappearance, the discovery of his car at the rest area, and the discovery of his credit cards on the person of Saleem. Appellant Diaab moved separately to sever his trial from that of Saleem, contending that the more substantial evidence against Saleem, who had been positively identified by both victims, would "brush off" on him and thereby prejudice the jury against him. *Held:*

1. The evidence regarding Argene Jones' disappearance, the discovery of his car at the rest area, and the discovery of his credit cards on the person of Saleem was clearly probative of the appellants' guilt in that it connected them to the crime scene and tended to identify them as the assailants. The fact that this evidence also implicated them in the commission of another offense for which they were not on trial did not render it objectionable under these circumstances. See generally *Harper v. State,* 249 Ga. 519, 531 (8) (292 SE2d 389) (1982). Saleem's possession of the credit cards was additionally admissible as a circumstance of his arrest. See generally

*Reese v. State,* 145 Ga. App. 453 (4) (243 SE2d 650) (1978). The trial court did not err in denying the motion in limine.

2. The trial court did not abuse its discretion in denying Diaab's motion for severance, as the appellants did not present antagonistic defenses, and virtually all of the evidence tended to show their joint guilt. See generally *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). This court's decision in *Price v. State,* 155 Ga. App. 844 (273 SE2d 225) (1980), is not authority for a contrary conclusion. There, the evidence against one co-defendant was deemed to be so overwhelming and the evidence against the other so slight that the "spillover" effect of the evidence against the former was viewed as an important factor in the latter's conviction. The evidence against Diaab, on the other hand, including the location of his arrest, the manner of his dress, and the fact that he had purchased the shotgun, virtually demanded a verdict against him, notwithstanding the absence of a positive identification by the victims. Under these circumstances, there is no reasonable likelihood that he was convicted by association rather than as a result of the evidence against him.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1984.

*Ronnie A. Wheeler,* for appellants.
*Gary C. Christy, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellee.