## 72412. AKERS v. THE STATE.
(346 SE2d 861)

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of child molestation and sentenced to confinement for a period of 20 years, 15 to serve with the remainder on probation. In this appeal, defendant raises four enumerations of error. We consider the enumerations seriatim. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in admitting into evidence a statement which defendant gave to the investigating officer on the day following his arrest. In this regard, defendant contends the statement was not made voluntarily because the investigating officer neglected to inform defendant that if he wanted a lawyer but could not afford one, a lawyer would be appointed to represent him.

Defendant gave three statements on the day in question. The first and third statements were tape recorded by the investigating officer. The first statement was made at 10:00 a.m.; the second statement was given at 10:56 a.m.; the third statement was made at 11:30 a.m. Defendant's complaint only concerns the admission into evidence of the third statement. It is undisputed that the investigating officer

*fully* informed defendant of his *Miranda* rights (including the right to have an attorney appointed if defendant so desired) prior to the giving of the first statement. See *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694). The investigating officer averred that he also informed defendant of his *Miranda* rights prior to the giving of the second statement (but he could not be sure whether he repeated the verse about the right of an indigent to the appointment of an attorney). With regard to the critical third statement, it is clear that defendant was advised again that he had a right to remain silent; that he had a right to have an attorney present during questioning; and that anything defendant said could and would be used against him. It is also clear, however, that on that occasion defendant was not advised that an attorney would be appointed to represent him if he could not afford to hire one.

We find no error in the admission of the third statement into evidence. In view of the continuing nature of the interrogation of defendant (and the relatively short time span between the giving of the first *Miranda* warnings and the third statement) it was not necessary for the investigating officer to inform defendant again that an attorney would be appointed to represent him if he was indigent and he so desired. *Watson v. State,* 227 Ga. 698, 700 (182 SE2d 446). The first enumeration of error is without merit.

2. In his second enumeration of error, defendant asserts the trial court erred by allowing the victim, a five-year-old child, to testify. The victim was examined fully by the prosecuting attorney, defendant's counsel and the trial court. The court determined that the victim understood the nature of an oath and that she was competent to testify. See OCGA § 24-9-7. We find no abuse of discretion. Although the child was unable to *define* the meaning of an oath or of the truth, it was demonstrated that she appreciated the difference between the truth and a lie and that she knew she was obligated to tell the truth on the witness stand. *Lancaster v. State,* 250 Ga. 871, 872 (2) (301 SE2d 882); *Smallwood v. State,* 165 Ga. App. 473 (301 SE2d 670). The mere fact that the victim may have testified inconsistently did not render her incompetent to testify as a matter of law. *Thomas v. State,* 168 Ga. App. 587, 588 (3) (309 SE2d 881). The second enumeration of error is without merit.

3. In his third enumeration of error, defendant contends the trial court erred in permitting the jury to rehear certain portions of the first and third tape recorded statements which defendant gave to the investigating officer. This contention must fail. "[T]he jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice." *Byrd v. State,* 237 Ga. 781, 783 (229 SE2d 631). Accord *Wilkerson v. State,* 165 Ga. App. 14 (299 SE2d 67). We find no special circumstances

which would require a reversal upon this ground, especially in view of the trial court's cautionary instruction to the jury that it should consider the whole evidence and not overemphasize a portion of it.

4. Prior to the commencement of the trial, defendant's counsel advised the court that two local attorneys overheard members of a committee against child abuse speaking with prospective jurors in the courtroom. He said that the jurors allegedly were told by the members of the committee that in order for the laws to be effective it was incumbent upon jurors to be "strong." Thereupon, counsel for defendant asked the court to permit him to elicit testimony from the members of the child abuse committee to determine if the alleged improper comments had in fact been made. The court refused to permit such an examination in the absence of affirmative evidence concerning any impropriety. In so doing, the court disclosed that it already questioned the members of the committee concerning any communications which may have been directed to potential jurors and that the members of the committee responded that no such communications were made. (The court questioned the committee members when it learned that they were wearing badges which identified them as committee members while they were in the courtroom. The court instructed the members of the committee to remove their badges during the trial of the case.) Then the court gave defense counsel the opportunity to submit *evidence* (not mere hearsay allegations) concerning the alleged improper conduct. Defense counsel was told that if he presented *evidence* of misconduct, he would be permitted to examine the members of the child abuse committee. In the words of the court: "Well, the only way the court could permit it to go on the record, and have an interview with them [is] if you have some testimony to that effect. Now, if you want to have a hearing and submit testimony, I'll be glad to give you that privilege and go on the record with it, put into the record any evidence that you have. But mere speculation, the court is not going to consider it."

In his final enumeration of error, defendant contends the court erred by refusing to afford him a hearing in which to examine members of the committee against child abuse concerning the alleged attempt to improperly influence the jurors. In this connection, defendant makes a "Catch-22" argument: the committee members were the only source of evidence — and since defendant could not examine them unless he presented evidence, he was effectively denied a hearing. We disagree. Defense counsel could have presented the testimony of the two local bar members concerning what they overheard in the courtroom. If such hard *evidence* had been presented, the court would have delved into the matter further. But defense counsel did not accept the trial court's offer "to have a hearing and submit testimony." In short, defendant was given an opportunity by the trial court to

demonstrate the alleged impropriety but he did not accept the trial court's offer. Under these circumstances, we think the trial court properly refused to permit defendant to conduct a "fishing expedition" (calling the members of the committee against child abuse as witnesses prior to any showing of a basis for such a procedure) concerning the alleged improper remarks. See *State v. Phillips Petroleum Co.*, 206 SW2d 771, 775 (Ark. 1947). Under the particular facts and circumstances of the case sub judice in order for the defendant to be in a position to remove any speculation and to show this court any harm to himself he should have accepted the trial court's offer "to have a hearing and submit testimony." "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221). See *Gilreath v. State*, 247 Ga. 814, 824 (4) (279 SE2d 650); *Sprayberry v. State*, 174 Ga. App. 574, 575 (330 SE2d 731). Defendant's final enumeration is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JUNE 16, 1986 —
REHEARING DENIED JUNE 30, 1986 — 

*William David Hentz, M. Gene Gouge*, for appellant.
*David L. Lomenick, Jr., District Attorney*, for appellee.