## 72566. COOK v. THE STATE.
### (347 SE2d 664)

POPE, Judge.

Appellant Jerry DeWayne Rice, a/k/a Jerry DeWayne Cook, was charged with the offenses of armed robbery and theft by bringing stolen property into the state. The evidence showed that appellant and a co-defendant traveled to Georgia in a car taken from its owner in Tennessee. The owner of the car was allowed to testify over the objection of both defendants that appellant stabbed him and the co-defendant hit him in the head and drove off in his car after he had agreed to give them a ride home from a bar. The defendants drove the car south on I-75 and stopped at a convenience store in Bartow County, where appellant entered the store leaving the other man in the car. Appellant approached the 18-year-old female clerk and asked her if they sold beer. Upon being told that it was a dry county, appellant pulled up the front of his shirt to reveal a tire tool stuck in the waistband of his pants, stating "You won't mind giving me all your money then will you?" The clerk also saw "something brown" under his shirt which she thought was a gun since she knew appellant was holding her up, so she opened the register and handed him all the money in ten, five and one dollar bills. Appellant ordered her to go into the stock room in the back of the store and close the door behind her, where she escaped through a side door "hollering and screaming" to another employee to call the police. The clerk saw appellant enter a waiting car on the passenger side which then "left out fast" going south on I-75. The defendants were captured shortly thereafter with the money and the tire tool as described.

At the close of the evidence appellant moved for a directed verdict of acquittal of the armed robbery charge on the ground that the State failed to prove an essential element of the crime, viz., that he had used an offensive weapon to take the property from the victim as charged in the indictment. The trial court denied the motion and the jury found both appellant and his co-defendant guilty on both charges. Appellant's motion for new trial was denied and he appeals.

1. Appellant contends that there are only two methods by which robbery can be accomplished by use of an offensive weapon: "one by actually inflicting an injury on the victim, the other by threatening and intimidating him by its use." *Daniels v. State*, 219 Ga. 381, 384 (133 SE2d 357) (1963). He argues that no injury was inflicted here and he did not actually "use the tire tool" to threaten or intimidate the victim, but it was her "awareness" of it that threatened and intimidated her. We do not find this logic compelling and, indeed, a similar argument was recently rejected by this court in *Maddox v. State*, 174 Ga. App. 728 (1) (330 SE2d 911) (1985). In *Maddox* the victim saw the defendants, armed with a shotgun, enter his store while he was in his office talking on the telephone, but was able to get away without being seen by them. This court stated that the victim, "*after* observing the shotgun, was all too aware of what was *about to* transpire in his store and possibly to his person. . . . [U]nder OCGA § 16-8-41 an armed robbery is committed if the weapon has been used as an instrument of constructive, as well as actual, force. [Cits.] 'When the Code speaks of *force*, it means *actual* violence; and when it speaks of intimidation, it still means force; not actual and direct, but exerted upon the person robbed, by operating upon his fears — the fear of injury to his person, or property, or character.' (Emphasis in original.) [Cit.]" Id. at 729-30. The facts of this case clearly show evidence of the use of an offensive weapon and the trial court correctly denied appellant's motion for directed verdict of acquittal.

2. There was likewise no error in the overruling of appellant's motion for new trial on the general grounds. The evidence was sufficient for any rational trier of fact to find him guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Cain v. State*, 178 Ga. App. 247 (1) (342 SE2d 742) (1986).

3. Nor do we agree that the trial court erred in allowing the owner of the stolen automobile to testify about his assault by appellant. The State proffered this evidence for the purpose of proving identity and, upon appellant's objection and later in the charge to the jury, the trial court instructed that appellant was not on trial for anything that happened in Tennessee and this evidence was being allowed for the limited purpose of identification. Appellant does not contend that this testimony impermissibly put his character in issue, but asserts that even with the cautionary instructions it was unfairly prejudicial and inflammatory and should have been excluded.

In *Robinson v. State*, 246 Ga. 469 (2) (271 SE2d 786) (1980), relied upon by appellant in support of this enumeration of error, the same argument was also unavailing. Such evidence is admissible to establish identity as well as motive, plan, intent, scheme, bent of mind and conduct, although it incidentally puts the defendant's char-

acter in issue, unless the prejudice it creates outweighs its relevancy to the issues on trial. Id. at 470. In the instant case, the stealing of the car in Tennessee was logically connected to the armed robbery in Georgia and was "part and parcel" of the crimes on trial. See, e.g., *Parks v. State*, 254 Ga. 403 (4) (330 SE2d 686) (1985); *Spivey v. State*, 253 Ga. 187 (16) (319 SE2d 420) (1984); *Fluellen v. State*, 163 Ga. App. 425 (5) (294 SE2d 653) (1982); *Richards v. State*, 157 Ga. App. 601 (1) (278 SE2d 63) (1981). Even if the testimony concerning the stabbing and beating of the car's owner was not highly relevant, we find it unlikely that it contributed to the verdict, particularly in light of the trial court's qualifying instructions to the jury. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

4. Appellant complains that the trial court's charge to the jury, that they would be authorized to find him guilty of robbery by intimidation if they did not find that he used an offensive weapon, effectively instructed them that they had no power to return a verdict of guilty of the lesser offense if they concluded that an offensive weapon was used. Review of the trial transcript, however, does not substantiate this argument. The trial court judge charged verbatim from OCGA § 16-8-41 (a) that robbery by intimidation was a lesser included offense of armed robbery; he defined robbery by intimidation; and he further explained that the armed robbery count of the indictment "contained within it" the lesser included offense. Thus the charge was sufficient. Cf. *Hensley v. State*, 228 Ga. 501 (2) (186 SE2d 729) (1972). We find no ground for reversal.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JULY 3, 1986.

*Joanne E. Elsey*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.