## 73114. LUMPKIN v. THE STATE.
### (356 SE2d 238)

BENHAM, Judge.

Appellant was convicted of robbery by intimidation and criminal trespass.

1. Appellant was identified by the victim as one of two men to whom he gave a ride in his truck. There was testimony that appellant robbed the victim of his wallet and cut him with a sharp object. After struggling with his assailants, the victim escaped from the truck and saw appellant and his co-defendant smash the windows of the vehicle. The victim returned to the truck after his passengers departed.

In his contention concerning the sufficiency of the evidence, appellant centers on the sufficiency of the proof that venue was in Bartow County. The victim testified the attack on him and his truck took place in Bartow County, while appellant presented evidence that the incident occurred in Whitfield County. "When the evidence as to venue is conflicting, the State must prove venue as a jurisdictional fact beyond a reasonable doubt. [Cits.]" *Adsitt v. State*, 248 Ga. 237 (2) (282 SE2d 305) (1981). The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that venue was in Bartow County. See *Brown v. State*, 250 Ga. 862 (3) (302 SE2d 347) (1983); *Miller v. State*, 174 Ga. App. 42 (2) (329 SE2d 252) (1985).

2. Upon his arrest, appellant admitted being in the victim's truck and smashing the windows, and also made reference to his status as a parolee. Prior to trial, the trial court ruled that the reference in appellant's statement to his parolee status was inadmissible. Despite the trial court's ruling, the investigating officer mentioned the portion of appellant's in-custody statement ruled inadmissible. Appellant contends error was committed when his motion for mistrial was denied.

As soon as the testimony was spoken, the trial court, sua sponte,

instructed the jury to "absolutely disregard" the offending testimony and questioned the jurors on their ability to disregard the testimony. No negative response was elicited from any juror. At that point, appellant moved for a mistrial. The trial court denied the motion, and admonished the assistant district attorney. " 'Where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. [Cit.]' " *Stansifer v. State*, 166 Ga. App. 785 (2) (305 SE2d 481) (1983). See also *Waddell v. State*, 160 Ga. App. 743 (3) (288 SE2d 90) (1981). In light of the trial court's prompt and thorough corrective action and in the absence of a remark "so flagrantly prejudicial as to violate appellant's right to a fair trial," (*Waddell v. State*, supra), we find no abuse of discretion and therefore, no error in the denial of the motion for mistrial.

3. During his struggle with appellant, the victim recovered a wallet he thought to be his from the truck's floorboard. Upon examining it later, he ascertained the wallet belonged to appellant since he found appellant's birth certificate and parole grid sheet in the wallet. Appellant sees error in the trial court's admission of the grid sheet into evidence, contending it improperly injected appellant's character into the trial.

The admission of the grid sheet connected appellant to the scene of the crime and identified him as one of the victim's assailants. In a similar case, this court held that " '[m]aterial evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. [Cits.]' " *Bethea v. State*, 172 Ga. App. 598 (324 SE2d 202) (1984). The dissent is mistaken in its statement that "the trial court had specifically held that the parolee status sought to be introduced was highly prejudicial." In fact, the trial court ruled inadmissible only that portion of appellant's in-custody statement in which he admitted that he was a parolee. The trial court clarified its ruling when faced with a challenge to the admission of testimony that the investigating officer met appellant at the probation office.

4. Appellant also takes issue with the trial court's acquiescence in the jury's request that they rehear the testimony of the investigating officer "specifically as to what, if anything, was said in the way of a statement by way of the defendants to the officer . . ." "Whether or not to grant the jury's request to rehear portions of the evidence is within the discretion of the trial judge. [Cits.]" *Morris v. State*, 254 Ga. 273 (2) (328 SE2d 547) (1985). On appeal, the burden is on appellant to show that "special circumstances which might work an injustice" were present, making the trial court's decision to replay the testimony an abuse of discretion. *Wilkerson v. State*, 165 Ga. App. 14

(299 SE2d 67) (1983). In the case at bar, appellant contends the special circumstance present was the fact that the testimony requested to be replayed contained the inadmissible evidence discussed in Division 2, supra. The record reflects that the officer's testimony was read back to the jury. If we assume that the stricken testimony was not read, appellant was not harmed by the replay. If we assume that the replay included the inadmissible reference to appellant's statement that he was a parolee, we must also assume that the replay included the corrective action taken by the trial court. Thus, whether or not the replay included the inadmissible testimony, appellant was not done an injustice requiring reversal. *Wilkerson v. State*, supra. See also *Akers v. State*, 179 Ga. App. 529 (3) (346 SE2d 861) (1986).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier and Pope, JJ., concur. Beasley, J., concurs in part and dissents in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent with respect to all but Division 1, with respect to which I concur.

Upon being apprehended, defendant admitted being in the truck with the victim and breaking out the windows. His statement also referred to the fact that the men had been paroled. Prior to trial, he moved in limine to prevent the state's use of that portion of the statement. The court ruled that the parole reference was inadmissible on the ground that the status of defendants as parolees was irrelevant to the case and was highly prejudicial.

Despite this ruling, the police officer testified as to the defendant's parolee status. Upon objection, the court instructed the jury "to absolutely disregard that testimony." Defendants' motion for mistrial on this ground was denied, which is claimed as error.

Immediately after the police officer finished testifying, the state tendered into evidence Lumpkin's birth certificate and his parole grid sheet. Lumpkin objected to the grid sheet, but the court allowed it because it was found in the wallet. This, too, is cited as error because of the parole reference.

After the jury began deliberations, it requested that the police officer's testimony be repeated. Over objection, the testimony was read back by the court reporter. It is unclear from the record whether only the unobjected-to portion of the testimony was reread or whether all of the testimony as well as the objection, ruling and instruction concerning the parole status were included. This is the third claimed error in regard to the parole evidence.

The trial court ruled the grid sheet admissible as having been found in the wallet and therefore identifying defendant as the perpetrator. Yet the court had previously held that the parolee status of

the defendant was not admissible because that status was irrelevant to the issue and the reference was highly prejudicial.

Georgia favors the admission of any relevant evidence, no matter how slight its probative value. *Sprouse v. State*, 242 Ga. 831, 833 (3) (252 SE2d 173) (1979). There is an exception for evidence of independent crimes. However, "[w]hile the general rule is that a separate and independent offense is inadmissible on the prosecution for another crime, exceptions to the rule exist where there is a logical connection between the two crimes from which it can be said that proof of one crime tends to prove the other." *Harper v. State*, 249 Ga. 519, 531 (292 SE2d 389) (1982). But that does not give blanket authority to admit such evidence. "[I]t has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial. [Cits.]" *Robinson v. State*, 246 Ga. 469, 470 (2) (271 SE2d 786) (1980) cited in *Cook v. State*, 179 Ga. App. 610, 611 (3) (347 SE2d 664) (1986).

Where, as here, the trial court had specifically held that the parolee status sought to be introduced was highly prejudicial, it was error to admit the grid sheet over objection. It improperly injected the defendant's character into the trial. OCGA § 24-9-20 (b); see *Howell v. State*, 164 Ga. App. 321 (1) (296 SE2d 367) (1982). Nothing changed to make its admission necessary to prove identity, because it was cumulative of the unobjectionable birth certificate which was also in the wallet. Moreover, there was evidence that defendant admitted he had gotten in a fight with the victim and thus there was no issue of identity. Its prejudicial nature outweighed its probative value in tending to prove the crime, in these circumstances.

While there are situations where such evidence is relevant, as in *Saleem v. State*, 169 Ga. App. 952 (315 SE2d 487) (1984), that is not the case here. *Saleem* denied being involved or present and the evidence of the independent crime was found probative of guilt in that it showed identity. Under those circumstances, the evidence was not objectionable. In the present case, the pendulum swings the other way.

DECIDED MARCH 19, 1987 —
REHEARING DISMISSED APRIL 3, 1987.

*Shepherd L. Howell*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.