## A98A1046. HAVRON v. THE STATE.
(506 SE2d 421)

ANDREWS, Chief Judge.

Gerald William Havron appeals from the judgment of conviction entered on jury verdicts finding him guilty of aggravated child molestation and child molestation.

1. The State presented testimony from the victim, Havron's four-year-old stepdaughter, in support of the charges. The child, who was five years old at the time of the trial, testified that on one occasion Havron placed his penis in her mouth, and on one other occasion she rubbed lotion on Havron's penis after he requested that she do so. OCGA § 16-6-4 (a), (c). The State also presented a videotaped statement and two audio taped statements made by the child.

The videotaped statement was made to Department of Family & Children Services (DFACS) caseworkers on February 13, 1996, when the child was four years old. In the statement the child called Havron's penis his "do-do" and stated how his do-do looked. The child further stated that she had felt his do-do with her hand about eight times; that Havron put his hand behind her head and wanted her to put her mouth on his do-do and suck it; that she did put her mouth on his do-do; that the do-do was hard at the time, and that it tasted like flowers.

The first audio taped statement was made on May 2, 1996, to Gwinnett County police and a DFACS caseworker when the child was four years old. In that statement, the child stated that her mother told her not to talk about and to forget about what she had previously said in the videotaped statement. When asked about what

she had said in the earlier videotaped statement, the child responded that, "Well, all that stuff was a lie." When asked if what she said in the earlier statement really happened, the child responded, "I don't know." The child also stated that what she had told about in the earlier statement was "some really bad stuff" and that she wanted those things to stop. Later in the interview, the child said that she told the truth in the earlier videotaped statement.

On June 18, 1996, the child gave another audio taped statement to the same persons who conducted the May 2, 1996 interview. This time the child, who was still four years old, stated that Havron got her "to suck his private part" four times. The child stated that the private part felt like soap, was hard, and tasted like bananas. She further stated that "yellow stuff" came out of his private part into her mouth.

Havron did not testify and presented no evidence in his defense.

Although the evidence showed that the child made inconsistent statements about the acts of molestation, the credibility of the child was for determination by the jury, which chose to believe the child's statements that the charged acts of molestation occurred. *Cofield v. State*, 216 Ga. App. 623, 625 (455 SE2d 342) (1995). This Court does not re-weigh the evidence or determine the credibility of witnesses, but considers only the sufficiency of the evidence. Id. The evidence was sufficient for a rational trier of fact to find Havron guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Havron claims the trial court erred by denying his motion for a mistrial based on his claim that the prosecutor improperly commented in the opening statement on his right to remain silent and not testify.

In concluding his opening statement on the evidence the State expected to show in support of the charges, the prosecutor stated to the jury that, "[Y]ou've got to look at it yourself and say do I believe [the victim] or do I believe the Defendant." Defense counsel objected and moved for a mistrial on the basis that the prosecutor improperly commented on the defendant's right not to testify. The prosecutor responded that the comment was meant to remind the jurors that their duty was to judge the credibility of the victim against the defendant's plea of not guilty, and was not intended as a comment on any failure by the defendant to testify.

In *Ranger v. State*, 249 Ga. 315, 319 (290 SE2d 63) (1982), the Supreme Court concluded that to reverse for an improper comment by the prosecutor related to the defendant's failure to testify, one of two things must be found: (1) that the prosecutor intended to comment upon the defendant's failure to testify, or (2) that the remark was of such a character that the jury would naturally and necessarily

take it to be a comment on the defendant's failure to testify. Given the indirect character of the comment at issue, the prosecutor's explanation for the remark, and the fact that it was given in the opening statement at a time prior to the presentation of any evidence in the case, we conclude under the *Ranger v. State* test that there was no manifest intent by the prosecutor to comment on the defendant's failure to testify, and that the jury would not necessarily take it as such an improper comment. Accordingly, we find no error.

3. Havron contends the trial court erred by refusing to give the jury the following charge taken from the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 17 (2nd ed. 1991), as amended (published by the Council of Superior Court Judges of Georgia): "One of your first duties in the jury room will be to select one of your number to act as foreperson, who will preside over your deliberations and who will sign the verdict to which all twelve of you freely and voluntarily agree. You should start your deliberations with an open mind. Consult with one another and consider each other's views. Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors. Do not hesitate to change an opinion if convinced that it is wrong. However, you should never surrender an honest opinion in order to be congenial or to reach a verdict solely because of the opinions of the other jurors."

Although the above instructions might properly have been given at the option of the trial court, there was no error in the refusal of the trial court to give them. The jury was properly charged as to the State's burden of proof and as to the necessity of reaching a unanimous verdict. Moreover, since this was not a case where the trial court was charging a split jury to encourage a verdict, there was nothing in the charge given to the jury that could be construed as coercing the jury to reach a unanimous verdict or that could otherwise have tended to cause a juror to surrender his or her honest opinion merely for the purpose of reaching a unanimous verdict or to appease other jurors. Therefore, the requested charge was not necessary to correct any such coercive influence. *Adams v. State*, 255 Ga. 356, 358-359 (338 SE2d 860) (1986); *Wright v. State*, 199 Ga. App. 718, 720-721 (405 SE2d 757) (1991); compare *Foster v. State*, 240 Ga. 858, 859-860 (242 SE2d 600) (1978) (not error to give such charge).

4. During deliberations, the jury requested that the child's videotaped statement be replayed. The trial court replayed the videotaped statement for the jury in open court and overruled Havron's objection that the jury should not be allowed to review the videotaped statement again without also rehearing the child's May 2 audio taped statement. The issue is whether the trial court properly allowed the jury to review only the videotaped statement that it specifically

requested, or whether the trial court was also required to replay the May 2 statement to the jury to ensure that no injustice was worked by virtue of undue prominence given to the evidence requested by the jury.

"It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. . . . Our previous decisions have indicated, and we now make plain, that the jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice." (Citations omitted.) *Byrd v. State*, 237 Ga. 781, 782-783 (229 SE2d 631) (1976); accord American Bar Association, Standards for Criminal Justice, 2nd ed., 1986 Supp., Vol. III, Trial by Jury, Standard 15-4.2; see also *Wilkerson v. State*, 165 Ga. App. 14 (299 SE2d 67) (1983); *Barrett v. State*, 192 Ga. App. 705, 706-707 (385 SE2d 785) (1989); *Ware v. State*, 191 Ga. App. 896, 897 (383 SE2d 368) (1989) (no special circumstances which required the trial court to replay cross-examination testimony along with the replay of direct examination testimony requested by the jury after deliberations had begun).

In the May 2 statement, the child made contradictory and inconsistent statements, first stating that the earlier videotaped statement was false but later stating that she told the truth in the videotaped statement. Considering the importance of the child's credibility under the circumstances of this case, the better practice would have been to grant Havron's request for replay of the May 2 statement along with the videotaped statement requested by the jury. Compare *Byrd* and *Wilkerson*, supra. Nevertheless, we conclude that the trial court's refusal to replay the May 2 statement, which was not requested by the jury, was not an abuse of discretion nor did it work an injustice requiring reversal of the conviction.

There is no basis for concluding that the replay of the videotape evidence so unduly emphasized this evidence that Havron was prejudiced or denied a fair trial. Before the videotaped statement was replayed to the jury, the trial judge cautioned the jury that "when you do have testimony replayed in this manner, please recall all the other testimony that you've heard at trial in making your decision." See *Evans v. State*, 148 Ga. App. 422, 423-424 (251 SE2d 325) (1978); *Brown v. State*, 161 Ga. App. 544, 545-546 (288 SE2d 882) (1982); *Akers v. State*, 179 Ga. App. 529, 530-531 (346 SE2d 861) (1986) (approving the use of cautionary instructions against undue emphasis on replayed testimony). Moreover, "[i]f . . . a jury is to be considered intelligent enough to be entrusted with powers of decision, it must be assumed they have sense enough to ask to have their memories stimulated or refreshed only as to those portions of the testimony

about which they are in doubt or disagreement." *State v. Wolf*, 207 A2d 670, 675-676 (N.J. 1965). A jury's request that testimony be replayed to refresh their memories is an indication that there is already an emphasis during deliberations on the requested evidence, so it is unlikely under most circumstances that a replay of such evidence would add emphasis not already present or work an injustice requiring a new trial. *United States v. Campbell*, 138 FSupp. 344, 347 (N.D. Iowa 1956).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 4, 1998 —
RECONSIDERATION DENIED SEPTEMBER 17, 1998.

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.